Derbigny, J.
delivered the opinion of the court. The commission, we think, was rightfully refused. Supposing that the proof of the inferior quality of the sugar could avail the defendant any thing, its quality at the time of delivery was to he shown, not the condition in Which it might be, after remaining in the possession of the defendant, and travelling over the seas. But, it is evident, that such proof could not be received, or that, if received, it could not avail the defendant.
This leads us into an examination of the merits.
*306 One only question here seems to be worth inquiring into. Was or was not the defendant induced by false representations from the plaintiff to buy his sugar, without looking at it? The evidence abundantly proves this not to be the fact. The defendant, through his agent, saw the sugar, agreed to give the price which the plaintiff asked for it, and actually received it, hogshead by hogshead, on board of his vessel. Whether it proved afterwards not to be as good as he thought, is pot a subject for judicial inquiry. The law gives no remedy against a want of discernment in judging the quality of things ; provided there has been no concealment, or deceit on the part of the seller, the contract cannot be attacked.
In a case which is so plain, and in which the defendant could expect so little from an appeal, we would have felt hound to give to the plaintiff the damages which the law grants in cases where the appeal is taken for the sake of delay, were it not that the parish judge has committed an error to the prejudice of the appellant, by allowing to the appellee interest on the amount found by the jury, and also by making that interest run from the date of the judicial demand, while, from the conditions of the purchase, the appellant was to give in payment of *307 the sugar his notes, at two, three and four months, of which terms but a few days had elapsed when this suit was instituted.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed ; and that judgment be entered For the plaintiff and appellee for eighteen thousand and seventy-two dollars, with legal interest thereon from the following dates, until payment-to wit: on one-third of that sum from the twentieth day of April, 1817; on one other third from the twentieth May following; and on the other third from the twentieth June following : and it is further ordered, that the costs in the parish court be paid by the appellant, and those in this court, by the appelle.