CHARLES TIERNAN and others *v.* JOHN MARTIN and others.

2r 523
48 1264

2r 523
107 478

2r 523
e1131105

A stipulation that a certain sum shall be paid to a third person, towards the extinguishment of a debt due to him from one of the parties to the contract, is not a *stipulation pour autrui.* It is for the exclusive benefit of the stipulating party.

A fixed price is one of the legal requisites of a contract of sale ; and though it be agreed that the price shall be fixed by a third person, if it become impossible, or be not done, the contract will remain imperfect.

APPEAL from the Commercial Court of New Orleans, *Watts,* J. *G. Strawbridge,* for the appellants.

*C. M. Jones,* contra.

SIMON, J. The object of this suit is the recovery of the sum of $5,200, which, it is alleged, the defendants assumed to pay to the plaintiffs, under the following circumstances. Moses Hall, being largely indebted to both parties, the defendants agreed with him, on the 17th of September, 1836, that, if he would execute to them a deed of trust on fifteen negroes, and convey to them a tract of land which was then encumbered with a deed of trust in favor of the plaintiffs, for which land a release from the trust was to be made by the plaintiffs, they would assume to pay to Tiernan, Cuddy & Co., the sum of $5,200, on account of the debt due to them by Moses Hall. It was further agreed between Hall and the defendants, and this is one of the stipulations contained in their written agreement, that the defendants were to allow Moses Hall, for the tract of land to be conveyed by him, *such price as it should be valued at by persons mutually chosen by them,* and that on the *plaintiffs releasing their deed of trust on the land,* the defendants were to settle with them the said sum of $5,200. The plaintiffs were not parties to this agreement.

The evidence further shows, that, on the 23d of February, 1837,

W. M. Rives, who held the land in trust for the plaintiffs, executed a release of the deed of trust on the land ; that the same was sent to the plaintiffs for their approval and signature, but that the document was never signed by them. It appears, also, that Hall made a conveyance of the land to the defendants, which was duly recorded, but in that conveyance *the price is left blank*, as the property never was appraised according to the agreement, although the defendants had appointed their appraisers, and the conveyance never was accepted by Martin, Pleasants & Co. In the mean time, Moses Hall died utterly insolvent, and judgments having been obtained against him in his life time, since the year 1836, those judgments, by the laws of Mississippi, operated as a lien on the tract of land intended to be conveyed. It is further shown by the testimony of Rives, that, in contemplation of the full execution of the stipulations contained in the written agreement entered into between Hall and the defendants, Hall was credited or released by Tiernan, Cuddy & Co. for the sum of $5,200, and was charged by the defendants for the same amount ; that in subsequent conversations with the witness Rives, who, in this transaction, had acted as the plaintiffs' agent, Martin, one of the defendants, often admitted the liability of his firm to the plaintiffs for the sum ; and that, on the 14th January, 1837, Hall delivered to Rives an order on the defendants for $5,200, to be applied to the credit of Hall in his account with the plaintiffs ; which order or draft, not having been accepted by the defendants, is annexed to the plaintiffs' petition, and forms the basis of the present action.

With these facts before him, the inferior judge was of opinion that the plaintiffs were not entitled to recover, and gave judgment in favor of the defendants, from which the plaintiffs have appealed.

The plaintiffs' claim is resisted on two grounds : *First*, That the release from the deed of trust, alluded to in the written agreement between Hall and the defendants, never was executed and tendered, as contemplated by the agreement, and that this was a condition precedent.

·*Second*, That the price of the tract of land to be conveyed by Hall to the defendants, never was fixed in the manner agreed upon between the parties.

Before examining the merits and effect of these two grounds of

defence, it is proper to transcribe the clause of the agreement relied upon by the defendants. It is in these words : " Martin, Pleasants & Co. are to allow the said Moses Hall for the tract of land above mentioned *such price as it shall be valued at by persons mutually chosen by them*, and *on Tiernan, Cuddy & Co.'s releasing their deed of trust on the said land,* the said Martin, Pleasants & Co. are to settle with them the sum of $5,200, part of the claim against the said Hall."

I. It is true that the release was not executed by the plaintiffs as contemplated by the written agreement, and that Rives, who acted as their agent, was, perhaps, without authority to give it. It is also true that the plaintiffs cannot recover without showing that this condition has been complied with, and that, accordingly, an effectual release from the trust has been made.   But this would not be a bar to their ultimate recovery, as the plaintiffs, if nonsuited, would still be at liberty to execute a full and complete release of the trust title, so far as it affected the land which Hall was to convey to the defendants ; and we agree with the judge *a quo* that, if, in other respects, the plaintiffs were entitled to recover, the judgment might be made conditional in this particular, on the plaintiffs supporting the costs of the suit incurred until the execution of the release.

II. The stipulation contained in the agreement under consideration is not properly a *stipulation pour autrui,* for it is for the exclusive benefit of Hall that the sum of money therein mentioned is assumed by the defendants to be paid to the plaintiffs.   The object of the assumption is to pay Hall's debt, and it makes a part of the consideration, or price of the property, which he was to convey to the defendants.   On this subject, Pothier, Obligations, No 57, says : " *Ce n'est pas stipuler pour un autre, que de dire que la chose, ou la somme que je stipule, sera délivrée ou payée à un tiers désigné par la convention.   Par exemple, si, par le contrat, je vous vends un tel héritage pour la somme de mille livres, que vous payerez à Pierre, je ne stipule point pour un autre ; c'est pour moi, et non pour Pierre, que je stipule cette somme de mille livres.   Pierre n'est dans la convention que comme une personne à qui je donne pouvoir de la recevoir pour moi et en mon nom.*" The plaintiffs, therefore, cannot pretend to have acquired greater

Tiernan and others v. Martin and others.

rights than Hall himself had; and it is clear that the payment which was to be made to them in discharge of Hall's debt, was to depend on his strictly executing his obligation according to the terms of the contract.*

This principle being once recognized, let us inquire whether Hall could legally enforce the payment of the sum claimed by the plaintiffs, as part of the price of the property which he was to convey? It was agreed between the parties, that the defendants were to pay such price, as the property should be valued at by persons mutually chosen by them. This has never been done on the part of Hall; and although the vendees proceeded to appoint their appraisers, the contract was left imperfect and incomplete until the death of Hall in a state of utter insolvency. The price *was left blank*, as it had never been fixed or agreed upon, and, from the circumstances of the case, it appears that there is now an absolute impossibility of ever having the property valued as contemplated by the parties. At all events, if Hall himself were to demand the amount sued for, it is evident that this part of the appellees' defence would be effectual against him, and that he could not recover; and we cannot see any reason why the plaintiffs should stand in a better condition than their debtor, for the benefit of whom the assumption was made. It is one of the legal requisites for the perfection of a contract of sale, that there shall be a fixed price. Civ. Code, art. 2414. 1 La. 282. 3 Ib. 535. Pothier, Vente, Nos. 16 and 17. And although it may be agreed in the contract, that such price shall be fixed by the estimation of a third person, if this is not done, or it becomes impossible to do it, there is no price, and the contract remains imperfect. Pothier, Vente, Nos. 23 and 24. In this case, it has been shown that the agreement cannot be perfected, as originally contemplated between

---

* In a petition for a re-hearing, *G. Strawbridge*, for the plaintiffs, urged, that at the time when Pothier wrote, the law was different from what it is under our Code. By arts. 1883, 1896 of the Civil Code, it is provided that where a third person has consented to a stipulation, made in his favor, it cannot be revoked. That such was the law of this State even before the adoption of the present Code. 3 Mart. 206. 5 Ib. 321. 8 Ib 60, 163. That in the case of *Sargeant* v. *Daunoy*, 14 La. 45, it was determined that, after a third person had become interested, the original parties could not change their contract, either by consent or neglect.          *Re-hearing refused.*

the parties, owing to Hall's death in insolvent circumstances, and to the fact of the creditors having, in the mean time, obtained judgments against him, which operate as a lien on the property; and we concur with the inferior judge in the opinion, that, there being no valid conveyance of the land to the defendants, the plaintiffs cannot be entitled to reap the fruits of Hall's imperfect contract and unexecuted obligation. Their claim must, therefore, be rejected.

With regard to the statement of the witness Rives, that Hall was credited by the plaintiffs, and *charged by the defendants* with the sum of $5,200, it is contradicted by the positive testimony of Crook, who, having examined the defendants' books, proves that there is no item of this kind in the books. As to the admissions proven by Rives to have been made by the defendants, in subsequent conversations which they had with him, we must presume that they were made under the belief, or on the supposition that Hall would perfect his contract of sale. But, however it may be, we think that nothing but Hall's strict compliance with his obligation, can give the plaintiffs any right to recover.

*Judgment affirmed.*