(69 South. 158)

No. 21351.

STATE v. JACKSON.

(June 7, 1915. Rehearing Denied June 28, 1915.)

*(Syllabus by Editorial Staff.)*

1. STATUTES 114—TITLE OF ACT—VALIDITY.

Act No. 204 of 1914, entitled "An act to prohibit the lending or advancing of money at a greater rate of interest than eight per cent. * * * or a greater discount than twenty per cent. * * * by persons other than licensed pawnbrokers and certain institutions incorporated for loaning money, and fixing penalties for the violation of this act," is invalid in so far as it attempts to extend the exemption to all pawnbrokers, licensed or not, and to other persons and corporations not mentioned in the title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 145, 147–149; Dec. Dig. 114.]

2. STATUTES 64—PARTIAL INVALIDITY.

The act cannot be sustained by striking from it the entire section dealing with exemption, for that would leave the act applying to persons whom the title specifically provided should be exempt; hence the whole act must fall.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 58–66, 195; Dec. Dig. 64; Constitutional Law, Cent. Dig. § 47.]

Appeal from Criminal District Court, Parish of Orleans; Joshua G. Baker, Judge.

V. T. Jackson was accused of crime, and from a judgment holding unconstitutional the statute under which he was prosecuted, the State appeals. Affirmed.

R. G. Pleasant, Atty. Gen., and Chandler C. Luzenberg, Dist. Atty., for the State. Hubert M. Ansley, of New Orleans, amicus curiæ. Loys Charbonnet and Joseph A. Casey, both of New Orleans, for appellee.

PROVOSTY, J. Act 204, p. 390, of 1914, reads as follows:

"An act to prohibit the lending or advancing of money at a greater rate of interest than eight per cent. per annum or a greater discount than twenty per cent. per annum, by persons other than licensed pawnbrokers and certain institutions incorporated for loaning money, and fixing penalties for the violation of this act.

"Section 1. Be it enacted by the General Assembly of the state of Louisiana, that it shall be unlawful for any individual, firm or corporation for his or her or their own account or for that of any other person, firm or corporation to lend or advance money at greater rate of interest than eight per cent. per annum or at a greater discount than twenty per cent. per annum.

"Sec. 2. Be it further enacted, etc., that any individual or the members of any firm or the officers of any corporation who shall violate the provisions of the preceding section of this act shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than twenty-five or more than one hundred dollars or imprisoned not more than three months or both at the discretion of the court.

"Sec. 3. Be it further enacted, etc., that this act shall not be held to apply to pawnbrokers, nor to building and loan or homestead associations authorized to do business in this state, nor shall it apply to banks, bankers, trust companies or savings banks, or to any transaction with banks, bankers, trust companies or saving banks, or to loans made by manufacturers or merchants to their customers.

"Sec. 4. Be it further enacted, etc., that all laws or parts of laws in conflict herewith be and are hereby repealed."

The accused assails the constitutionality of this act on various grounds, one of which alone need be noticed. It is that in the title of the act only licensed pawnbrokers and institutions incorporated for the lending of money are excepted from the provisions of the act, whereas other persons are excepted in the body of the act, namely, unlicensed pawnbrokers, bankers, manufacturers, and merchants.

[1, 2] That these exceptions, thus found in the body of the act and not covered by the title, are unconstitutional, there can be no question; the only question must be whether the entire act is thereby nullified. We think it is. This court had occasion to deal with this same question in connection with another

act in State v. Gantz, 124 La. 543, 50 South. 526, 24 L. R. A. (N. S.) 1072, and there said:

"By striking out the exemption as unconstitutional, it leaves subject to criminal prosecution those the Legislature expressly intended should be exempt.

"As to them it would be making that a crime which was never intended should be."

Another similar case is Connolly v. Union Sewer Pipe Co., 22 Sup. Ct. 431, 46 L. Ed. 679, where the court said:

"A discrimination in favor of agricultural products or live stock in the hands of the producer or raiser, made by the Illinois Trust Act of June 20, 1893, exempting them from the provisions which prohibit a recovery of the price of articles sold by any trust or combination formed in restraint of trade or competition, in violation of that act, renders the act repugnant to the provision of United States Constitution, fourteenth amendment, in respect to equal protection of the law."

"An elimination of the unconstitutional portion of the Illinois Trust Act of June 20, 1893, which exempts agriculturists and live stock dealers from the provisions which prohibit combinations in restraint of trade, cannot be made without bringing these classes of persons within the prohibitions of the statute, in contravention of the legislative intent, and therefore the entire act must be held invalid."

Judgment affirmed.