OVERTON, J.
Mrs. Cecile Generes Baker, as universal legatee, and as executrix of the last will and testament of George A. Generes, deceased, has instituted this suit to recover judgment against the Bowie Lumber Company, Limited, the defendant herein, for the sum of $80,650.90, with legal interest thereon from August 29, 1916.
It is alleged, in substance, that the above amount is due plaintiff by defendant, because the latter, through its vice president and general manager, J. F. Wigginton, entered upon plaintiff’s land,- and unlawfully cut therefrom over 3,000,000 feet of cypress timber, and manufactured it into lumber; and also unlawfully cut therefrom over 26,000 feet of timber and manufactured it into cross-ties.
Plaintiff, apparently anticipating that defendant would take the position that it did not trespass upon plaintiff’s land, and cut and remove the timber in question, but that it was cut, removed, and manufactured into lumber and cross-ties by another corporation, the Des Allemands Lumber Company, alleges, in order to hold defendant liable, ■ in that *601 event, that the Bowie Lumber Company, Limited, and the Des Allemands Lumber Company, were, in effect, simply two separate departments of one corporation, and that, if this were not the case, still, as they were under the same general management, and as they had interlocking directorates, and as a majority of the stock in each was owned by the same persons, they are liable, in solido, for the tort herein alleged; and, in any event, that defendant is liable for said tort, because it assumed, by contract, all of the liabilities of the Des Allemands Lumber Company.
Defendant disclaims title to a portion of the land from which the timber was cut, but admits that, at the time of the alleged trespass, it claimed title to the remainder of that land, though denies that it committed the trespass alleged, or is in any way liable therefor, and denies that it and the Des Allemands Lumber Company were, at the time of the trespass, or at any time prior thereto, one and the same corporation, or that there was any such relation between the two as to make it liable for a trespass committed by the latter, and denies the alleged assumption of the latter’s liabilities.
In respect to the cutting and removing of the timber, the record fails to disclose that it was cut and removed by defendant, or that defendant was a party to the trespass ; but, to the contrary, it appears that the Des Allemands Lumber Company cut the timber and removed it to its sawmill. Hence, plaintiff must fail in her suit, unless it appear that she has established, and is entitled to recover, under one of her alternative defenses, above stated.
The evidence on that phase of the case, in which the position is taken that the two corporations were, in effect, one and the same at the time of the trespass, and, if not, then that their relations to one another were such as to make them liable, in solido, for the trespass, is substantially as follows:
[1] The defendant was chartered on January 12, 1901, and the Des Allemands Lumber Company on May 23, 1902. The president of both corporations was the same person; the secretary and treasurer of the former was a member of the board of directors of the latter. With these exceptions, the directorate of each corporation was composed of different persons. Both companies were engaged in the same line of business, the manufacture of cypress lumber, and continued in that line until the Des Allemands Lumber Company, in liquidating, sold its mill and lands, or at least a large part of its lands, to defendant, in December, 1909. Their mills' were nine miles apart. At the time the timber was cut, which was prior to the sale of the mill, both corporations had the same president, and the holders of the majority of stock in both were the same persons. The majority of the board of directors of each corporation, who were also the holders of the majority of stock in each, were, at that time, the same.
The above facts, even of themselves, however, did not make the two corporations one and the same. They still remained two distinct legal entities, notwithstanding the greater part of the stock in each was owned by the same individuals, and notwithstanding the majority of the board of directors of each were the same persons. Thus, it is said in Corpus Juris, vol. 14, p. 58, that—
“Since a corporation is a person distinct from its members or stockholders, it follows that, even though the same individuals may be the incorporators of, or own stock in, two separate corporations, and even though such corporations may have the same individuals as officers, there is no identity between the two corporations, and neither is liable for the acts or faults of the other merely because of the identity of the members or stockholders.”
Plaintiff, however, goes further, and contends, to quote from her brief, that the courts say, in effect, that—
*603 “Whore the majority of the stock of two corporations is owned by the same parties and tne business of the two is operated practically as one plant, the two are interlocking corporations and are liable in tort actions as co-trespassers — that is, in solido.”
[2] We do not think that the evidence establishes that the two companies were conducted practically as one business. They had separate mills, separate pay rolls, separate working crews, and, in so far as it appears, their business was separately conducted. It is true that plaintiff undertook to establish that timber was taken to the most convenient mill, without reference to its apparent ownership, but in this she has failed. It occasionally occurred, however, that defendant, in buying timbered lands, had to take a tract that was isolated, and not convenient to it, but convenient to the Des Allemands Lumber Company, in which event it sold, when possible, to that company. However, there is nothing strange in that; and, all considered, we conclude that plaintiff has failed to establish that the business of the two companies was conducted as if it were that of one. It is, therefore, unnecessary to inquire into the correctness of the legal proposition that we have quoted above from plaintiff’s brief, and which it would be necessary to determine, if the evidence showed that the business of the two corporations had been conducted in the manner she claims it had. For the same reason, we conclude that it is also unnecessary to further differentiate the following and other cases cited by plaintiff, in support of that proposition, the principles of which she seeks to apply to this case, to wit: Lea et ux. v. Kentwood & E. Ry. Co., 131 La. 852, 60 South. 370, and Watson v. J. F. Ball Bro. Lumber Co., 132 La. 796, 61 South. 795.
[3] During the course of the trial the plaintiff offered, as evidence, a deed from the Des Allemands Lumber Company to defendant bearing date December 15, 1909, to prove the following allegation in her petition, to wit:
“That during the month of December, 1912, the Bowie Lumber Company, Limited, and the Des Allemands Lumber Company executed an authentic act, by which said Bowie Lumber Company, Limited, purported to acquire all of" the property, rights and credits of Des Allemands Lumber Company, and, as consideration for the same, paid the sum of $100,000 in cash and specifically assumed all' of the liabilities of said Des Allemands Dumber Company.”
It will be observed that there is a variance between the'date of the deed, which, as stated, is December 15, 1909, and the allegation of tire petition, which declares the date to be December, 1912. The allegation also sets forth that the deed purports to convey all of the property, rights, and credits of the Des Allemands Lumber Company; whereas, the deed offered conveys a number of tracts of land to defendant, with all the privileges and appurtenances thereto belonging, but does not mention all property, rights and credits. The deed, however, does declare the consideration to be $100,000, and the assumption by the defendant of all of the liabilities of the Des Allemands Lumber Company, in so far as we are able to determine from the record, this offering was objected to on the ground that there is a variance between the deed and the allegations of the petition. In so far as respects that objection, we are oi the opinion that it should have been overruled. The variance was not misleading, and, under the circumstances of the case, was immaterial. Defendant could have made no mistake as to what deed was intended. It was correctly advised that the Des Allemands Lumber Company was the vendor and that it was the vendee, and that the consideration was $100,000 cash and the assumption of all liabilities. When defendant read the allegation, it must have occurred to it necessarily, especially in view of the size of the transaction, that the only deed intended by the allegation was the one offered. Thompson & *605 Co. v. S. M. Lowery, 37 La. Ann. 646; Pigeau et al. v. Commeau, 4 Mart. (N. S.) 190.
[4, 5] The deed rejected by the lower court was filed in the record, as part of the bill of exception talcen to the ruling, and therefore we may consider it. In considering it, we find that although it is admissible, in so far as respects the objection urged, yet that it fails of the desired purpose. In the first place, we do not think that such an assumption, in the absence of proof to the contrary, includes liabilities arising ex delicto, and which at least are not at the time acknowledged, or reduced to judgment, but refers to those arising ex contractu; and it was so held in Perret v. King, 30 La. Ann. 1368, 31 Am. Rep. 240. Assuming, however, that we are in error in so holding, still plaintiff cannot avail herself of the assumption and sue the vendee thereon, for the assumption of the debts, as part of the purchase price, is not a stipulation for her benefit, but only for the benefit of the vendor. In People’s Homestead Association v. Garland, 107 La. 476, 31 South. 892, it was said:
“Thus it has been held that a stipulation that a certain sum shall be paid to a third person towards the extinguishment of a debt due to him from one of the parties to the contract is not a stipulation pour autrul, but that the assumption of the debt is part of the consideration or price of the property intended exclusively for the benefit of the stipulating party. Tiernan v. Mártin, 2 Rob. 523.”
We are therefore of the opinion that plaintiff cannot sue on the assumption.
[6] Plaintiff also contends that defendant is liable to her, because by the purchase of all the property, rights, and credits of the Des Allemands Lumber Company, and the assumption of its liabilities, the Des Allemands Lumber Company and defendant were thereby consolidated. Assuming that the evidence establishes such a purchase, which we do not think it does, si 1 that fact would not show a consolidation. The Des Allemands Lumber Company, notwithstanding, would still exist as an independent corporation until its charter expired, or was forfeited, or until the corporation was dissolved in the manner prescribed by law.
Eor the reasons assigned, decreed that the judgment appealed from be affirmed; appellant to pay the costs.
Rehearing refused by Division B, composed of Justices O’NIELL, LAND, and BAKER.