### No. 10,356

### Orleans

### MOHR v. ANDERSON

(August 13, 1928. Opinion and Decree.)

Bond, Curtis and Hall, of New Orleans, attorneys for plaintiff, appellee.

P. H. Stern, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff, an architect, sues upon the following contract.

"FORM OF AGREEMENT.
"BETWEEN ARCHITECT AND OWNER.

"Agreement entered into this 10th day of November, in the year 1923 between Mr. Fred M. Anderson, hereafter termed the client, and O. P. Mohr, hereafter termed the Architect.
"The aforesaid clients requiring certain consultations with regard to preparing plans, specifications and supervision for duplex to be erected on the premises Iberville near Harrison Street, said consultations to include suggestions, estimates, and such necessary professional services to convey intelligent advice to said client, for which he agrees to pay the Architect the sum of $130.00.
"Should the client require such plans, specifications, etc., necessary to enter into a contract with a contractor, same will be prepared by this Architect along the lines determined by above consultations for the additional sum of $260.00.
"Should the client require further services of this Architect in drawing up and letting of contract, in supervising the construction of the work embodying such alterations, deductions from or addition to the original project, this Architect shall receive a fee total of 10% of the gross cost of the said work. This total fee shall include the two payments made for consultations, plans, etc., which payments shall be deducted from this total fee in final settlement of same.
"The above agreement is ratified by the signatures of the parties thereto as follows:
(SGD) FRED M. ANDERSON
          Client
                    (SGD) O. P. MOHR
                                Architect
(SGD) ORA M. ANDERSON
             Witness
"N. B.—A minimum retainer of $25.00 will be paid the Architect by the Client in advance of any consultations, etc., said retainer to apply on account of fee for such consultations."

Defendant filed an exception of no cause of action, based upon a variance between the allegations of the petition and the proof, in that the contract referred to plans for a building to be erected "on Iberville Street near Harrison Street" whereas the plans when introduced in evidence referred to a building to be erected on "Hope near Broad Street."

The plans, as prepared, were for the erection of a duplex residence and the contract called for the same thing. The location of the building had nothing to do with the plaintiff's services as an architect. The variance is immaterial. See Baker vs. Bowie Lumber Co., 151 La. 598, 92 So. 129.

On the merits defendant avers that he contemplated a building costing not more than $7500.00 and that this amount had to be obtained from a homestead and that when the plans, as drawn by plaintiff, were submitted to contractors for bids the lowest bid received was approximately $10,000.00. He attempts to prove these conditions as forming part of his contract with plaintiff. The evidence was clearly inadmissible because constituting an alleged verbal contemporaneous agreement in conflict with the written contract. See discussion in Harvey vs. Mouncon, 3 La. App. 231. However, it does not appear to have been objected to by plaintiff's counsel. In any event the evidence fails to establish defendant's contention since it amounts to an affirmation on one side, and a denial on the other.

Plaintiff sues for $355.00, being $130 for preliminary advice plus $260.00 for the plans or $390.00 less cash payments of $35.00 or $355.00.

The trial Judge gave judgment for this amount and we believe properly so.

The judgment appealed from is therefore affirmed.