## No. 2700

## Second Circuit

## CAMPTI MOTOR CO., INC., v. JOLLEY ET AL.

(March 12, 1929. Opinion and Decree.)

Breazeale and Breazeale, of Natchitoches, attorneys for plaintiff, appellant.

Rusca and Cunningham, of Natchitoches, attorneys for defendants, appellees.

ODOM, J. Plaintiff, Campti Motor Company, Incorporated, sued B. E. Childers and Joe Jolley in solido for $656.82, the sale price of a Fordson tractor. Joe Jolley filed an exception of no cause of action which was sustained by the court.

Childers made no appearance and judgment was rendered against him by default for the full amount, and he did not appeal. Plaintiff appealed from the judgment sustaining Jolley's exception of no cause of action.

The facts, as disclosed by the petition, are that on May 21, 1925, plaintiff sold to B. E. Childers a Fordson tractor for $656.82, and took his note for said amount, secured by chattel mortgage on the tractor. The note and act of mortgage are regular in form and are attached to and made part of the petition. Childers did not pay the note and there was judgment against him, and, as he did not appeal, that part of the judgment is final.

As a cause of action against Joe Jolley, plaintiff alleged that at the time the tractor was sold to Childers, he was leasing a plantation from the Exchange Bank and needed the tractor in his planting operations, and that it was understood that if Childers did not continue to lease the property, he would have no use for the tractor "and to protect your petitioner in the sale of the same and as part and parcel of the agreement Joe Jolley and Childers entered into for the benefit of the plaintiff the following agreement:

Powhatan, La., May 22, 1925.

State of Louisiana,
Parish of Natchitoches.

This agreement made by and entered into between B. E. Childers, of Powhatan, La., as party of the first part, and Joe Jolley, of Powhatan, as party of the second part: Agreed that Joe Jolley, party of the second part, will take over Fordson Tractor Motor No. 367757 this day purchased from the Campti Motor Company, Inc., Campti, La., on December 1, 1925, and assume all encumbrances thereon; provided that it becomes necessary

that B. E. Childers, party of the first part, vacate the present farm he now occupies.

Signed      B. E. Childers,
Party of the First Part.
Joe Jolley,
Party of the Second Part.

Witnesses:
J. J. Maricelli
E. C. Tanner.

In Article 5 of plaintiff's petition, it is alleged that Childers has vacated said plantation and has no use for the tractor.

The defendant Joe Jolley did not sign the note sued on, either as principal, surety or endorser, nor did he in any way, according to the note and chattel mortgage attached, make himself a party to the sale by plaintiff to Childers. But plaintiff alleges that it was understood that Jolley was to take over the tractor and relieve Childers of the debt in case Childers did not continue to lease the plantation and that, otherwise, it, the plaintiff, would not have sold him the tractor, and that such agreement was contemporaneous with and a part of the contract of sale; and it attaches to and makes a part of its petition the contract between Childers and Jolley quoted above.

It is elementary that in determining whether a petition sets out a cause of action, the petition must be construed as a whole, and that the document attached to and made a part of it must be construed with it; and further, that the pleader's conclusions of the law are not to be considered as allegations of fact.

Defendant's exception of no cause of action is grounded upon the proposition that construing the petition as a whole and in connection with the documents attached and made a part thereof, it is clear that there was no privity of contract between plaintiff and the defendant Jolley, and that Jolley did not at the time of

the sale to Childers, nor has he since, made any stipulation in favor of plaintiff, a third person.

The documents themselves show that Jolley was not a party to the contract between plaintiff and Childers. On the face of the papers, that contract was a straight out sale of the tractor to Childers. Plaintiff alleges that there was a contemporaneous agreement entered into, and to show that, it attaches to and makes a part of its petition the contract between Childers and Jolley. But there is nothing about that contract which indicates that it was executed contemporaneously with the act of sale and mortgage; to the contrary, the note and the chattel mortgage are dated May 21, 1925, and the contract between Childers and Jolley is dated May 22—the following day. We must assume that these contracts were perfected on the dates which the documents bear.

Plaintiff now seeks to hold Jolley by virtue of and through this contract between Childers and Jolley, dated May 22nd. That contract speaks for itself and shows clearly that it was not made for the advantage of plaintiff. It provides that "Joe Jolley, party of the second part, will take over Fordson Tractor Motor No. 367757, this day purchased from the Campti Motor Company, Inc., Campti, La., on December 1, 1925, and assume all encumbrances thereon; provided it becomes necessary that B. E. Childers, party of the first part, vacate the present farm he now occupies."

This is a contract between Childers and Jolley; the plaintiff is in no sense a party thereto. What Jolley agreed to do and all he agreed to do was to take over the tractor under certain conditions, and to "assume all encumbrances thereon." That is not a stipulation pour autrui, but one made solely for the benefit of Childers, one of the contracting parties. The case does not fall under Article 1890 of the Civil Code, which provides that "a person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract or onerous donation."

There is no stipulation in the contract for the advantage of the plaintiff or anyone else. The obligation which Jolley assumed in the contract ran to and in favor of Childers alone.

In the case of Baker vs. Bowie Lumber Company, 151 La. 598, 92 So. 129, the Court held that a stipulation in a conveyance of land whereby the vendee assumed the liabilities of the vendor as part of the purchase price was for the benefit of the vendor, and that one having a claim against the vendor, could not avail himself of the assumption.

In the case of People's Homestead Ass'n vs. H. L. Garland, Jr., 107 La. 476, 31 So. 892, the Court held that the assumption in an act of sale of a city tax is not a stipulation pour autrui for the benefit of the city, but is a matter purely personal to the contracting parties and forming part of the consideration of their contract.

In a very early case, that of Tiernan et al. vs. Martin et al., 2 Rob. 523, it was held that "a stipulation that a certain sum shall be paid to a third person towards the extinguishment of a debt due to him from one of the parties to the contract is not properly a stipulation pour autrui. It is for the exclusive benefit of the stipulating party."

See Brandon vs. Hughes, 22 La. Ann. 360; Allen & Currey Mfg. Co., Ltd., vs. Shreveport Waterworks Co., 113 La. 1091, 37 So. 980, 68 L. R. A. 650, 104 Am. St. Rep. 525, 2 Ann. Cas. 471; Salem Brick &

Lbr. Co. vs. L. LeSassier et al., 106 La. 389, 31 So. 7.

The contract which Childers and Jolley entered into on its face is one purely personal to themselves, and in their own interests, and in no sense intended for the benefit of the plaintiff. Jolley promised to pay Childers' debt, under certain circumstances; but that was a promise to Childers, not to plaintiff, and therefore is not within the provisions of our Civil Code, Article 1890.

Cragin vs. Lovell, 109 U. S. 194, 3 S. Ct. 132, 27 L. Ed. 903.

The assumption of Childers' debt by Jolley did not relieve Childers of his liability to plaintiff. It merely gave to him a right to proceed against Jolley.

For the reasons assigned, the judgment sustaining the exception of no cause of action is affirmed, at appellants' cost, in both courts.