171 So. 556

## STEPHENSON v. LIST LAUNDRY & DRY CLEANERS, Inc., et al.

### No. 34022.

Nov. 30, 1936.

Rehearing Denied Dec. 21, 1936.

Irion & Switzer and Malcolm E. Lafargue, all of Shreveport, for relatrix.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for respondents.

BRUNOT, Justice.

This is a suit for damages. The plaintiff is the mother and natural tutrix of her minor son, Leroy Newman, who, on or about March 28, 1934, was struck and injured by a truck belonging to List Laundry & Dry Cleaners, Inc.

The defendants are the List Laundry & Dry Cleaners, Inc., and its insurer, Central Surety & Insurance Corporation. The insured is a Louisiana corporation, registered in Texas, and doing business exclusively in Longview, Tex., but it has two agents in Shreveport for service of legal process. The insurer is a Missouri corporation; it is registered in Louisiana and Texas, and does business in both states. It is made a defendant in the case under the authority of Act No. 55 of 1930.

The injury complained of occurred near the intersection of Ford and St. Luke streets, in the city of Shreveport, Caddo parish, La. It is alleged that the plaintiff's minor son, for whose benefit the suit was filed, suffered the following injuries:

"A broken left leg and general bruises about his body, and shock, which disabled him for nine (9) weeks."

The sum sued for is $3,000. The alleged items of damage are the following: "For pain and suffering $2,000.00; for shock and bruises $500.00; for confinement and loss of time from play $500.00."

This case was before us in 1935, on a writ of review from rulings of the trial judge on an exception of misjoinder and a plea to the jurisdiction of the trial court. The ruling on the plea to the jurisdiction of the court was annulled and the case was remanded for further proceedings. 182 La. 383, 162 So. 19. Both defendants then answered the suit. In their answers they deny liability; they deny that, at the time of the accident, the truck was under the control of its owner, the List Laundry & Dry Cleaners, Inc.; they deny that it was operated by an employee of that corporation, or with its knowledge or consent, or in connection with its business, and, in the alternative, they plead the contributory negligence of the injured party as a bar to recovery.

The case was tried on the issues thus presented, and, from a judgment rejecting the plaintiff's demands, the case was appealed to the Court of Appeal, Second Circuit. The Court of Appeal affirmed the judgment, and plaintiff applied to this court for a writ of review. The writ was issued, and, in response thereto, the record has been sent up and the case is now before us for review.

The facts of the case are accurately stated in the opinion of the Court of Appeal, with an appropriate quotation from Corpus Juris, both of which we adopt and quote:

"According to the undisputed and uncontradicted testimony, the List Laundry & Dry Cleaners, Inc., is a Louisiana corporation with its domicile in Shreveport. However, no property is owned and no business is carried on by it in the state of Louisiana. Its business establishment is located and maintained in Longview, Tex., and its laundering and cleaning operations and service are conducted there and in that vicinity in conformity with the purpose and reason for the organization thereof. A majority, but not all, of its stock is owned by the Shreveport Laundries, Inc., a separate Louisiana corporation domiciled and operating in Shreveport, which might be termed the parent or holding company of the insured. The officers of the two companies are the same, Mr. August Goldstein being the president of each, but their stockholders are not identical.

"Some time during the month of March, 1934, Mr. Goldstein ordered and required two of the insured's trucks to be brought from Longview, Tex., to Shreveport for the purpose of having new motors installed in them. They were placed in the garage owned and operated exclusively by the Shreveport Laundries, Inc., of which Mr. E. Webb, an employee of that company, is foreman. There they remained for several months pending the arrival of the motors. Ordinary and usual truck repairs are made by insured's mechanics in Longview, Tex., while the trucks are generally brought to the above-mentioned garage for motor installation.

"On the day of the accident, Harper Clement, who was employed by Mr. Webb

to perform cleaning work around the garage, was directed by his foreman to use one of insured's trucks in hauling trash from the garage to a designated dumping ground. While he was engaged in the execution of this order, the accident occurred.

"The two above-named establishments, although shown to be holding and subsidiary companies, respectively, were distinct organizations. The fact that the parent company owned a majority of stock in the subsidiary and that the officers of each were identical does not of itself destroy their separate corporate existence. It has often been held that corporations of this nature have the right to contract with each other, and their contracts are valid, and can only be assailed on the ground that they are unfair or fraudulent. Bergenthal v. State Garage & Trucking Co., 179 Wis. 42, 190 N.W. 901; 14A Corpus Juris, 125; 4 Fletcher, Corporations, § 2376. We are mindful of the doctrine permitting the disregarding of the legal fiction of the separate entity when necessary to prevent fraud, or when a corporation is operated so as to make it only an adjunct or instrumentality of another corporation; but there is nothing in the record to justify or cause the organizations in question to be viewed as one. On the contrary, the proof is ample that their respective properties and businesses were separately operated.

"It is stated in 14 Corpus Juris p. 58, and quoted from approvingly in Baker v. Bowie Lumber Co., 151 La. 598, 92 So. 129, that:

" 'Since a corporation is a person distinct from its members or stockholders, it follows that, even though the same individuals may be the incorporators of, or own stock in, two separate corporations, and even though such corporations may have the same individuals as officers, there is no identity between the two corporations, and neither is liable for the acts or faults of the other merely because of the identity of the members or stockholders and officers. A holding corporation has a separate corporate existence, and is to be treated as a separate entity, unless the facts show that such separate corporate existence is a mere sham, or has been used as an instrument for concealing the truth.' "

Counsel for relatrix, on page 5 of their brief, say:

"We do not argue in this court that List Laundry & Dry Cleaners, Inc., is liable, for the reason that the Court of Appeal held on the question of fact that the driver of the truck at the time of the accident was not in the employ of the List Laundry & Dry Cleaners, Inc., and was not engaged in any business for it. The only point being made in this court is that the insurance company is liable irrespective of the liability of the List Laundry & Dry Cleaners, Inc., by virtue of the omnibus clause in the policy."

The only question, therefore, which is presented for review, is whether or not the Court of Appeal erred in holding that the insurer was not liable under the omnibus clause of the policy. We quote from that clause the following:

"The insurance herein provided shall be available in the same manner and under the same conditions as to the named Assured, to any person or persons riding in or legally operating any automobile covered by this policy and to any person, firm or corporation legally responsible for the operation thereof; *but only while it is being used for the purpose specified in the schedule and with the consent of the named Assured.* * * * The unqualified term 'Assured' wherever used in this policy, shall include the Assured named in the schedule and in addition thereto, any person, firm or corporation entitled to insurance under the provisions of this paragraph, but the qualified term 'Named Assured' shall apply only to the Assured named in the schedule." (Italics by the Court.)

The relatrix' interpretation of the omnibus clause of the policy is erroneous, for it is clearly shown that, at the time of the accident, the truck was operated without the knowledge or consent of the owner, by an employee of another corporation; and for a purpose not specified in the schedule.

The Court of Appeal found that no one had authority from the assured, express or implied, to use the truck, for any purpose, while it was in the garage of Shreveport Laundries, Inc., solely for the installation of a new motor. We are not concerned with the possible liability of Shreveport Laundries, Inc., for that corporation is not involved in this suit. The Court of Appeal cites authorities supporting the rule that even where express permission is granted for a given purpose, permission for other purposes cannot be implied.

We see no error in the judgment under review. For the reasons stated, it is decreed that the writ of review issued herein be, and it is hereby, recalled and vacated, and relatrix' application is dismissed. This application results from a suit which was prosecuted in forma pauperis; hence no costs are assessed.

O'NIELL, C. J., and FOURNET, J., dissent.

HIGGINS, J., concurs in the decree on the ground that the court found as a fact that the driver of the truck had no express and implied authority to use the truck, and, therefore, the omnibus clause did not cover the case.