HAMITER, Justice
 

 (dissenting).
 

 The majority opinion correctly concludes that the first three contentions urged by plaintiff for the existence of a servitude across the property of defendant Thibault are without merit. Also, it properly states that Mrs. Rainey, plaintiff’s author in title, did not acquire a predial servitude of passage inasmuch as her deed from Harris made no provision for it. But error has been committed, I think, in holding that the agreement to sell between Harris and Thibault contained a stipulation pour autrui favoring plaintiff which could not be abrogated by the failure of the contracting persons to include it in their subsequent act of sale.
 

 The controverted provision of that agreement recites: “This property sold and purchased subject to vendor’s previous agreement to allow owner and tenant of house directly in rear use of driveway for entering and leaving their garages.” This stipulation, as its language clearly indicates, was intended exclusively for the benefit of the vendor who some years before had obligated himself to Mrs. Rainey, under their contract of sale, to provide for her a passageway. Although that obligation was later extinguished, as pointed out above, Harris evidently thought when 'contracting with Thibault that it was still effective, for otherwise it would not have been mentioned in the agreement.
 

 But on the execution of the authentic act of sale from Harris to Thibault, the stipulation was omitted, and, as a result of the omission, it was no longer binding on either of them. Appropriate here is the following comment offered by the Chief Justice on the original hearing of Moriarty et al. v. Weiss, 196 La. 34, 198 So. 643, 646 (what was said on the subsequent rehearings in no manner conflicted with this comment) : “On the trial of this case the defendant offered in evidence the ‘exchange or trade agreement’ made between him and Des'salles on September 30, 1930. The attorney for the plaintiffs objected to the evidence on the ground that the contract was only an executory contract, and was afterwards executed and completed, by the signing of. the five separate notarial acts of sale. In support of the objection, the attorney for the plaintiffs invoked Articles 2236 and 2276 of the Civil Code. The trial judge overruled the objection on the ground that it was aimed at the effect, and not at the admissibility, of the evidence. Our opinion is that the objection should have been sustained. Article 2236 of the Civil Code declares that an authentic act is full proof'of the- agreement contained-in it, against the
 
 *49
 
 contracting parties and their heirs or assigns, unless the act be declared and proved a forgery. Article 2276 declares that parol evidence shall not be admitted against or beyond what is contained in a written instrument or as to what may have been said by the parties before or at the time of signing the instrument, or as to what may have been said by them since the signing of the instrument, with regard to any agreement that may have been had before or at the time of the signing of the instrument. This latter article is appropriate only to such verbal testimony as might have been necessary to connect the executory contract, called ‘exchange or trade agreement/ with the authentic act of sale that was made afterwards by Dessalles to Weiss. Article 2236 sustains precisely the plaintiffs’ objection to the evidence in this case. It makes no difference, though, whether the objection should be held to apply to the admissibility of the evidence or should be held to apply only to its effect, or its want of effect. The executory contract, called ‘exchange or trade agreement/ was merely a reciprocal agreement to buy and sell the properties referred to, and to assume the debts referred to. When the contract was executed, it ceased to exist, and was superseded by the notarial acts of sale, each one of which acts is, as Article 2236 declares, ‘full proof of the agreement contained in it.’ * * * ”
 

 When the stipulation of the excutory contract between Harris and Thibault became extinguished (because of its omission from the deed) there resulted also a lapse of whatever rights this plaintiff had thereunder, even though she accepted its provisions by using the driveway both before and after Thibault’s acquisition of Lot “O”. As before shown, such stipulation was for the exclusive benefit of Harris, and plaintiff’s claim under it could be and was no better than his.
 

 The legal situation here is analogous to that found in those cases dealing with the rights of a mortgage holder as against a person who assumes the payment of the mortgage when purchasing property encumbered with it. Therein it has been held that the mortgagee enjoys no better claim against the purchaser (the new debtor) than the vendor of the property had. Thus in Freedman, v. Ratcliff, 183 La. 1, 162 So. 783, 78S, it was said: “ * * * The obligation of one who buys property, subject to a mortgage held by a third party, and who assumes the payment of the mortgage debt as a part of the price to be paid for the property, is an obligation in favor of the party selling the property, and is not for the benefit of the holder of the mortgage. If the holder of the mortgage, in such a case, accepts the stipulation in his favor, he may enforce it against the new debtor, but has no better claim against the new debtor than the one who sold the property had. * * * ”
 

 As a prelude to the quoting approvingly of that extract in the later case of Moriarty v. Weiss (on first rehearing), supra, which
 
 *50
 
 involved the rights of a mortgagee against one assuming his mortgage, we said: “This court, in the early case of Tieman v. Martin, 2 Rob. 523, squarely held that stipulations of this character are not pour autrui within the meaning and contemplation of Articles 1890 and 1902 of the Revised Civil Code, but are for the benefit of the mortgage debtor or party selling the property. This rule of law has been maintained in a long and unbroken line of decisions, the last expression being found in the recent case of Freedman v. Ratcliff, * *
 

 Since Harris, in the instant case, could not enforce the stipulation in question (it having been omitted from the deed), plaintiff also, under the doctrine of the cited cases, had no recourse against Thibault.
 

 I respectfully dissent.