HAWTHORNE, Justice
 

 (dissenting),
 

 I think the opinion of the Court of Appeal, Second Circuit, correctly disposes of the issue in this case and the judgment rendered by that court should, be reinstated and made the judgment of this court. See Stanley et al. v. Cryer Drilling Co. et al. (Associated Indemnity Corporation, Intervenor), La.App., 29 So.2d 810.
 

 
 *991
 
 The majority opinion in the instant case cites with full approval the case of Parks v. Hall et al., 189 La. 849, 181 So. 191. There is some doubt in my mind as to the correctness of this court’s holding in that case. However, the Court of Appeal, in my judgment, clearly distinguished this case as well as other cases cited in the opinion of that court (Haeuser v. Ætna Casualty & Surety Co. et al., La.App., 187 So. 684; Farnet v. DeCuers et al., La.App., 195 So. 797) from the instant case, and in doing so said [La.App., 29 So.2d 814] :
 

 “There is a fundamental difference between the facts of the three cited cases, in each of which the insurer was held liable under the omnibus clause, and the facts of the present case, and it is this: in neither of the three cited cases had the employee delivered the car to the owner’s garage, as directed, before involving it in an accident, whereas in the present case, the truck had been delivered to its usual parking place, after working hours, and some eight hours thereafter was involved in an accident when being used solely for the employee’s pleasure. We think this difference in facts pivotal.
 

 * * * * * *
 

 ‘“It is a legal certainty that if Robinson had been required at the end of each day’s work to put the truck in a designated garage of- Cryer’s, and he had done so the' day of the accident, and thereafter, without the knowledge or consent of Cryer, removed it from the garage and had an accident, the coverage provision of the policy would not have protected him. James et al. v. J. S. Williams & Son, Inc., 177 La. 1033, 150 So. 9; Stephenson v. List Laundry & Dry Cleaners, Inc., et al., 186 La. 11, 171 So. 556; Wilson v. Farnsworth et al., La.App., 4 So.2d 247; Clemons et al. v. Metropolitan Casualty Ins. Company et al., La.App., 18 So.2d 228.”
 

 I respectfully dissent.