175 So.2d 867 (1965)
GATEWAY BARGE LINE, INC.
v.
R. B. TYLER COMPANY, Inc., and Continental Casualty Company.
No. 6409.
Court of Appeal of Louisiana, First Circuit.
May 24, 1965.
*868 James G. Burke, Jr., of Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, for appellant.
Marian Mayer Berkett, of Deutsch, Kerrigan & Stiles, J. Walter Ward, Jr., of Christovich & Kearney, New Orleans, for appellees.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
LOTTINGER, Judge.
This is a suit by Gateway Barge Line Inc., as petitioner, against R. B. Tyler Company, Inc. and Continental Casualty Company, as defendants, for certain rentals allegedly due on highway construction work. The Lower Court maintained an exception of no right or cause of action filed by the parties below. The petitioner has taken a devolutive appeal.
For purposes of trial below this suit was consolidated with the matter entitled Carrand Marine, Inc. versus the same defendants, which has been assigned docket number 6410 of this Court. The issues involved in both suits are the same, and both matters will be treated in this opinion, however, separate judgment will be rendered.
The facts disclose that during the year 1959 the State of Louisiana awarded a contract for certain improvements to the Calumet-Berwick Highway to R. B. Tyler Company, hereafter referred to as Tyler. By contract dated September 30, 1959, a copy of which is filed in the record of this proceeding, Tyler sub-let a portion of said work to Sam Carline, Inc., hereafter referred to as Carline. As a condition of the sub-contract and prior to the commencement of work, Carline furnished a corporate surety bond with Continental Casualty Company, hereafter referred to as Continental, as surety.
In undertaking the performance of said sub-contract, Carline rented certain barges from Gateway Barge Line, Inc., hereafter referred to as Gateway, and Carrand Marine, Inc., hereafter referred to as Carrand. Carline failed to pay the rentals due for the said barges and these suits were filed by petitioners, Gateway and Carrand, against the prime contractor, Tyler, and the surety of the sub-contractor, Continental. The defendants filed exceptions of no cause or right of action. The exception of Continental alleges that no recovery could be had against the surety under the Public Works Act, LSA-R.S. 38:2241, or under a conventional bond by the Lessor of equipment who was not a named obligee in the bond. The exception filed by Tyler was in response to an allegation in the petition to the effect that Tyler had verbally guaranteed payment of the rental, Tyler alleging that no oral guarantee to pay the debt of another could be proven under the provisions of Article 2278(3) of the LSA-Civil Code.
With regard to the exceptions filed by the surety on the conventional bond, there is no question but that the law of Louisiana does not allow a lien for rentals due in a performance of public contracts. LSA-R.S. 38:2242 specifically excludes money due "* * * for the lease or rental of movable property * * *". Therefore, there is no question but that the petitioners have no right or cause of action under the provisions of said Statute.
There is, therefore, no question but that the bond upon which Continental is surety is a conventional performance bond. The bond, according to its own terminology makes Carline, as principal, and Continental, as surety, obligated to Tyler for the performance of the contract entered in between Carline and Tyler under date of September 30, 1959. The petitioners herein were not privy nor obliges in this bond and the Lower Court, therefore, held that they could not maintain an action on it.
*869 The reasoning by the Lower Court on this score, was as follows:
"The bond sued upon is an obligation of suretyship. The conditions of the undertaking are determined by the terms of the contract establishing it. Suretyship cannot be established by inference. L.S.A.-C.C. 3039 provides that:
"Surety can not be presumed; it ought to be expressed, and is to be restrained within the limits intended by the contract.'
These provisions are fully applicable here because Continental did not expressly undertake to guarantee the payment of plaintiff's claim to plaintiff. The surety bond it executed is made in favor of R. B. Tyler Company, Inc. That company is therefore the sole obligee.
Our Courts have repeatedly held that a performance bond given by a contractor or a subcontractor for the faithful performance of his work which carries a provision for the payment of the material and labor that go into the work does not give a right of action on the bond to the furnishers of the material or the labor unless it is clearly so provided for in the bond.
Some of the decisions are:
Salmen Brick & Lumber Co. vs. Le Sassier et al, 106 La. 389, 31 So. 7;
Hughes vs. Smith et al, 114 La. 298 [297], 38 So. 175;
Lhote Lumber Mfg. Co. vs. Dugue, 115 La. 669, 39 So. 803;
Lake Charles Planing Mill Co., Ltd. vs. Grand Lodge L. O. O. F., et al, 127 La. 238, 53 So. 550;
State et al, vs. C. S. Jackson & Co., et al, 137 La. 931, 69 So. 751;
Carolina Portland Cement Co. vs. Carey & Boettner et al, 145 La. 774 [773], 82 So. 887;
Miller vs. Bonner et al, 163 La, 332, 111 So. 776;
Bickman [Bickham] vs. Womack et al, 181 La. 837, 160 So. 431.
It is pertinent to comment on the last two decisions.
The case of Miller vs. Bonner is a landmark on the point under consideration. It is cited and relied upon by both sides. The bond in that case expressly named the furnishers of material and the laborer as obligees. The decision simply gives effect to the provision.
As Continental's bond in this case does not have such a provision, the decision is of little value to us.
In the other case, Bickman vs. Womack, the Supreme Court held that under the circumstances therein existing, the suppliers of material and labor were in fact incorporated as obligees in the bond, although they were not specifically named. The facts that led the Court to this conclusion are that the parties agreed to underwrite the bond in accordance with the provisions of law (Act 298 of 1926 or 271 of 1926) which grant to materialmen and laborers a right of action on the bond. There are no facts here to support this conclusion as the act of suretyship made no attempt to conform to any statutory regulations that grant a right of action against the surety for rent.
There is no dispute that the bond is a conventional bond and not a statutory one. The obligations imposed by our public contract law (R.S. 38:2241) do not therefore apply. And if they did, plaintiff could not find comfort in them, because they do not include claims for rent among those that are collectible from the surety.

*870 The plaintiff contends, however, that it has a right to proceed against the bond because the provisions of the bond incorporate the provisions of the contract between Carline and Tyler, and in Articles 8 and 13 of the contract Carline obligated himself to furnish a surety bond guaranteeing the payment of material, labor, and the rental of equipment.
These provisions are as the plaintiff points out. However, the guarantee is to Tyler, and not to the plaintiff, or the general public.
The provisions are similar to many of those contained in the bonds involved in the cited cases. The Courts held, and we must likewise hold here, that this language does not give third persons a right of action on the bond. To hold otherwise would be in derogation of the specific prohibition of Article 3039 of our Civil Code. We would be holding that a contract of suretyship was created by implication and presumption, whereas the Article provides that the obligation must be specific and expressed.
A good illustration of what the Courts held in the cited cases is contained in the following language of the Supreme Court in the case of Carolina Portland Cement Co. vs. Carey & Boettner et al., 145 La. 773, 82 So. 887:
"An analogous case is that of State v. Jackson, 137 La. 931 [741], 69 So. 158. There was in that case an express clause for the payment of the materialmen; but the bond was made in favor of the state alone. The state was the sole obligee, and the court held that the materialmen had no right of action on the bond. In the case at bar the bond is said to be made in favor of the materialmen, but to be conditioned only for the fulfillment of the contract and the payment of subcontractors.
If inferences could be allowed, an intention such as is contended for by plaintiff might readily be deduced; in fact, the inference to that effect would be strong. But the principle that suretyship is strictissimi juris stands in the way of all inferences.'
Plaintiff also contends that it is a third person for whose benefit and advantage the bond was given, and that under our law it has a right of action against it.
Our law recognizes the validity and enforceability of obligations undertaken for the benefit or advantage of third persons. The provisions are principally incorporated in L.S.A.-C.C. 1890, which provides:
(L.S.A.-C.C. 1890:)
"A person may also, in his own name, make some advantage for a third person the condition or contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract cannot be revoked.'
This class of obligations is commonly referred to in this State as an obligation pour autrui. The same rule of construction provided for by Article 3039 applies in the construction of this Article. A contract pour autrui or for the benefit of third persons must clearly so provide. The third person can enforce the obligation only in cases where the contract shows that it was executed for his benefit.
A typical decision is that of Campti Motor Co., Inc. vs. Jolley et al, 10 La.App. 287, 120 So. 684, where the Court held that the assumption of the balance due on a tractor by a third person who purchased it from the original vendee, did not give the original vendor a right of action to recover from the second purchaser what he had assumed. The *871 Court pointed out that the second sale and assumption was not a stipulation pour autrui.
We also have a line of decision in this State disallowing an action by a depositor, or creditor, of a bank on a bond given by an employee to the bank, or its officers, for the faithful and honest discharge of his duties. These bonds generally guarantee reimbursement of the funds taken by the employee yet the owner of the funds taken is not allowed recourse on the bond for the recovery of his funds because he is not a person for whose advantage the bond was given.
A typical decision in this line is the case of Tyler vs. Walt et al., 184 La. 659, 167 So. 182."
We are fully in accord with the quoted reasons set forth by the Lower Court for maintaining the exception of no cause or right of action filed by Continental, and the decision of the Lower Court in this regard will be maintained. We are also in accord with the decision of the Lower Court in maintaining the exception of no cause of action filed by Tyler. This exception was based upon an allegation in the petition to the effect that Tyler had orally guaranteed payment of all rentals due on the charter and lease of the barges by petition to Carline. Article 2278(3) of the LSA-Civil Code provides that oral evidence will not be received to prove any promise to pay the debt of a third person. The allegation in the petition comes squarely upon the prohibition of the Codal Article.
Subsequent to the trial of the exceptions, however, prior to the rendition of judgment thereon, the petitioners filed an amended petition setting forth an additional allegation, the effect of which was to allege that Tyler "assured" the petitioners that the rentals due to them would be "Fully protected and secured by corporate surety bond furnished by Sam Carline, Inc. with defendant, Continental, as surety." Service of this amended petition was not made upon the defendants until after the rendition of the judgment below, and the Lower Court rule that the amendment came too late for consideration in its opinion. Regardless of the time of filing of this amendment to the petition by petitioners, the amendment seeks to estop the defendants from claiming that they are not liable.
This amendment which provides that the defendant "assured" payment of the indebtedness is no more than the rephrasing of the allegation of the original petition in which petitioner claimed that defendant orally "guaranteed" payment of the rentals. We have already disposed of this allegation under the provisions of Article 2278(3) of Louisiana Civil Code which provides that oral evidence will not be allowed to prove the promise to pay an indebtedness of the third party.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.