CHARLES R. JONES, Judge.
Lin the instant matter, the appellant, Cynthia M. Mitchell, seeks review of the district court’s grant of a default judgment to the appellee, Mooring Financial Corporation 401K Profit Sharing Plan (“Mooring”). We affirm.
Mooring filed a Petition to Quiet Tax Title, naming as defendants Ms. Cynthia Mitchell — who was sued in her individual capacity and as a successor in interest to PM Properties, L.L.C. — -and Mortgage Electronic Registration Systems, Inc. The petition sets forth that “by virtue of a tax sale filed as CIN 243384 in the conveyance records of Orleans Parish,” it was the “sole and only owner” of the immovable property described as:
A CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon, and all rights and prescriptions (both liberative and acquisitive) and ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining, situated in the SECOND DISTRICT of the City of New Orleans, *314 State of Louisiana, in SQUARE NO. 408, which square is bounded by St. Philip, North Gayoso, and North Salcedo Streets and Ursulines Avenue, which lot of ground is designated by the NO. 10 [sic], and said lot No. 10 commences at a distance of 108 feet, 9 inches, 6 lines from the corner of St. Philip and North |2Gayoso Streets, and measures thence, 31 feet from the front on St. Philip Street, the same in width in the rear, by a depth of 116 feet, 3 lines between equal and parallel lines, all according to sketch of survey by Gilbert & Kelly, Surveyors, dated May 22, 1948, recerti-fied on September 13, 1960, a copy of which is annexed to act passed before William L. Andry, Notary Public, dated, October 16,1969.
The improvements thereon bear the Municipal Nos. 3013-15 St. Philip Street.
Mooring claimed to have acquired the property in 2002 through a tax deed from the tax collector for the City of New Orleans, and sought to have its title quieted and confirmed according to La. Constitution 1974, Art. VII, § 25, and former La. R.S. 47:2228,[1] et seq. Mooring prayed for a judgment confirming and quieting its titled as the “sole and only owner thereof in perfect ownership, free from any encumbrances and forever enjoining and prohibiting the said defendants, their heirs and assign from claiming or setting up any right, title or interest in and to said property or any part or portion thereof....”
Mooring requested personal service on Ms. Mitchell in Slidell, Louisiana, and long-arm service and citation on Mortgage Electronic to be made in Flint, Michigan. The sheriffs return reflects personal service on Ms. Mitchell on March 26, 2008.
Subsequently, on May 6, 2008, Mooring filed into the record the affidavit of Lisa Ferrara, who asserted that she had served the citation and petition on behalf of Mooring, under La. R.S. 13:3204[2] (the Louisiana Long |sArm Statute) via certified mail addressed to Mortgage Electronic at a post office box in Flint, Michigan. She *315 attached a return postal receipt of the mailing to her affidavit.
Approximately two weeks later on May 21, 2008, less than 30 days after service, Mooring moved for a preliminary default on the grounds that Ms. Mitchell and Mortgage Electronic had been served with the petition and citation, but had failed to file responsive pleadings. The district court entered an order of preliminary default.
On July 9, 2008, the district court signed a default judgment in Mooring’s favor and against Ms. Mitchell and Mortgage Electronic, which effectively confirmed and quieted Mooring’s alleged tax title to the property. The judgment specifically sets forth that Mortgage Electronic failed to appear and answer within the appropriate legal delay and that Mooring made “due proof of claim herein.” This timely appeal followed.
Ms. Mitchell now raises the following assignments of error on appeal:
1. The district court erred in confirming a default judgment without a valid preliminary default.
2. The district court erred in confirming a default judgment without an evidentiary hearing in open court?
3. The district court erred in confirming a default judgment without competent evidence proving a prima fa-cie case?
JjDISCUSSION
In Arias v. Stolthaven New Orleans, L.L.C., 2007-0650 (La.App. 4 Cir. 3/19/08), 980 So.2d 791, this Court reiterated the standard of review for a judgment of default as follows:
The determination of whether there is sufficient proof to support a default judgment is a question of fact and should not be disturbed on appeal unless it is manifestly erroneous. Ledet v. Moe, 03-745 (La.App. 5 Cir. 12/9/03), 864 So.2d 643, 644.
In reviewing a default judgment, an appellate court is restricted to determining whether the record contains sufficient evidence to prove a prima facie case. Rhodes v. All Star Ford, Inc., 599 So.2d 812, 813 (La.App. 1 Cir.1992). Although there is a presumption that the judgment confirming a default is supported by competent evidence, it does not apply when, as in this case, there is a transcript of the confirmation proceeding. Hickman v. Wm. Wrigley, Jr. Co., Inc., 33,896 (La.App. 2 Cir. 10/4/00), 768 So.2d 812, 815. A prima facie case is established as required for confirmation of a default judgment, when the plaintiff proves the essential allegations of the petition, with competent evidence, to the same extent as if the allegations had been specifically denied. Power Marketing Direct, Inc. v. Foster, 05-2023, pp. 11-12 (La.9/6/06), 938 So.2d 662, 670. A prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposing party. Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989). In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Thibodeaux, 538 So.2d at 1004.
The plaintiff is confined to the facts and the theories pled in his petition; he may not expand his pleadings by introducing evidence at the confirmation hearing. Thus, the plaintiff is precluded from obtaining a default judgment “different in kind from that demanded in the petition.” La. C.C.P. art. 1703; See Spear v. Tran, 96-1490 (La.App. 4 Cir. *316 9/18/96), 682 So.2d 267. | ¿However, the Louisiana Supreme Court has held that “the pleadings which lead up to the demand, or prayer, upon which a default judgment is based are to be construed no more restrictively than pleadings suggestive of other judgments.” Royal Furniture Co. of Baton Rouge, Inc. v. Benton, 260 La. 527, 532, 256 So.2d 614, 616 (1972).
Id., 2007-0650, pp. 980 So.2d at 796-797.
Article 1702(A) of the Louisiana Code of Civil Procedure, titled Confirmation of default judgment, provides:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. When a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default.
In the instant matter, Ms. Mitchell asserts that pursuant to Louisiana Code of Civil Procedure arts. 1702 and 1702.1, a plaintiff must first obtain a preliminary judgment prior to confirming it two days later, through proof of that demand sufficient to establish a prime facie case. She argues that the judgment rendered in the instant case is an absolute nullity. Ms. Mitchell also argues that the Louisiana Long Arm Statute, La. R.S. 13:3205,[3] requires |fia mandatory 30-day time limit before a plaintiff can obtain a preliminary default against a non-resident defendant.
The record reflects that Mooring requested service on Mortgage Electronic, a non-resident defendant, through the Louisiana Long Arm statute. On May 6, 2008, Mooring filed an affidavit into the record in which it asserted that it had made service on Mortgage Electronic, and attached the return receipt as evidence of its mailing.
On May 21, 2008, less than 80 days of filing, Mooring moved for a preliminary default against Ms. Mitchell and Mortgage Electronic. The district court entered an order of preliminary default on May 27, 2008 — which is less than 30 days after the filing of the affidavit and return receipt. *317 Ms. Mitchell asserts that the preliminary default violates the long arm statute and is therefore invalid and absolutely null.
She also argues that as a named defendant in the default judgment, she (as the property owner) has standing to assert the absolute nullity of the preliminary default against Mortgage Electronic. Hence, she asserts that without a valid preliminary default against Mortgage Electronic, the subsequent default judgment could not be confirmed and quiet the title in dispute.
Mooring argues that the district court properly entered a default judgment against Ms. Mitchell and Mortgage Electronic. Mooring argues that pursuant to La. R.S. 47:2228, that it had a right to confirm the default judgment within ten days, rather than wait thirty days. Particularly, the statute, as it read at the time of the confirmation of the default judgment, provided:
“... After the lapse of six months from the date of service of petition and citation, if no proceeding to annul the sale has been instituted, | ^judgment shall be rendered quieting in confirming the tax title.
In all cases where tax titles have been quieted by prescription of five years under the provisions of Section 25 Article VII of the constitution of 1974, the purchaser or his heirs or assigns may, if he or they so desire, either obtain a judgment of the court confirming the title by suit in the manner and form as herein-above set out, except that the delay for answers shall be 10 days instead of six months ...”
Mooring maintains that it clearly set forth in its original petition to quiet tax title that it was proceeding under the five-year prescriptive period and it further notes that the tax deed had been filed in the conveyance office on August 30, 2002, more than five years before the petition was filed, and therefore, the delay for the answer was ten (10) days, rather than thirty (30).
Our review of the record indicates that service was made on a non-resident defendant (Mortgage Electronic), and that in effectuating service on a defendant, Mooring was required to wait thirty days before it pursued a confirmation of the default judgment.
In the instant matter, the service return receipt is dated April 9, 2008, and the affidavit evidencing long arm service to Mortgage Electronic was filed into record nearly one month later on May 6, 2008. Mooring then moved for a preliminary default on May 21, 2008, and on May 27, 2008 a confirmation of the preliminary default judgment was entered. The court rendered its judgment of default on July 9, 2008. Hence, it is clear from the record that Mooring did not comply with the procedure for obtaining a default judgment.
Louisiana Revised Statute 13:3205, titled Default judgment; hearings; proof of service of process, is clear and unambiguous:
No default judgment can be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show cause, or other |ssummary proceeding, except for actions pursuant to R.S. 46:2131 et seq., until thirty days after the filing in the record of the affidavit of the individual who either:
(1) Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached to the return receipt of the defendant; or
(2) Utilized the services of a commercial courier to make delivery of the process to the defendant, showing the name of the commercial cornier, the date, and *318 address at which the process was delivered to the defendant, to which shall be attached the commercial courier’s confirmation of delivery; or
(3) Actually delivered the process to the defendant, showing the date, place, and manner of delivery.
(Emphasis ours.)
Before we can discuss the merits of the instant appeal, we have to consider the procedural posture of the parties involved. We note first that neither Ms. Mitchell nor Mortgage Electronic filed answers (or any responsive pleadings, exceptions, etc.) once they were served with a copy of the citation and petition; second, even though proof evidencing long arm service on Mortgage Electronic was filed into the record, on May 6, 2008, at no time did Mortgage Electronic nor Ms. Mitchell file any responsive pleadings; third, once the preliminary default was entered, on May 21, 2008, Ms. Mitchell and Mortgage Electronic still failed to make any appearances of record; fourth once the preliminary default was confirmed, neither Ms. Mitchell, nor Mortgage Electronic sought to attack the validity of the default judgment by filing a petition for nullity, pursuant to La. C.C.P. art. 2001.
Louisiana Code Civil Procedure art. 2001, provides that “[t]he nullity of a final judgment may be demanded for vices of either form or substance | gas provided in Articles 2002 through 2006.” “A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.” La. C.C.P. art. 2003. Furthermore,
A final judgment obtained by fraud or ill practices is not an absolute nullity; the nullity must be properly decreed within the time prescribed. Knight, 566 So.2d at 137; see LSA-C.C.P. art. 2004(B). No specific provision was made in Article 2004 regarding the manner of asserting the grounds of nullity. This was thought unnecessary in view of the established jurisprudence to the effect that such grounds must be asserted in a direct action and cannot be raised collaterally. LSA-C.C.P. art. 2004, Official Revision Comments-1960, comment (d); see Knight, 566 So.2d at 137, citing Nethken, 307 So.2d at 565, and Pontchartrain Park Homes, Inc. v. Sewerage and Water Bd. of New Orleans, 246 La. 893, 168 So.2d 595, 597 (1964). Thus, the party praying for the nullity of a relatively null judgment must bring his action by means of a petition, and the adverse party must be cited to appear, as in ordinary suits. Knight, 566 So.2d at 137; see LSA-C.C.P. art. 1201; Ledford v. Pipes, 507 So.2d 9, 11 n. 1 (La.App. 2nd Cir.1987). A direct action can be brought by filing a separate proceeding or by the filing of a pleading in the same proceeding as that in which the offending judgment was rendered. Roach, 673 So.2d at 694; Knight, 566 So.2d at 137. The limitation envisioned by comment (d) to LSA-C.C.P. art. 2004 prohibits the issue from being raised by way of an affirmative defense, such as in the answer or by exception. Clearly, any of those methods would be a collateral attack, that is, an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling the judgment. Knight, 566 So.2d at 137; see Roach, 673 So.2d at 693-94; Succession of Schulz, 622 So.2d 693, 696 n. 3 (La.App. 4th Cir.1993), writ denied, 93-2605 (La.1/13/94), 631 So.2d 1161. The reason for this rule is that a relative nullity involves a factual issue which must be proven by evidence *319 placed in the record. Ledford, 507 So.2d at 11.
10Smith v. LeBlanc, 2006-0041, pp. 6-7 (La.App. 1 Cir. 8/15/07), 966 So.2d 66, 71-72.
Hence, the only exception recognized by our jurisprudence is that the validity of a final judgment may be collaterally attacked, by a party having proper standing to attack the judgment of default, provided that the invalidity of the judgment is absolute and patent on the face of the record. Particularly, a party affected by an absolutely null judgment may seek to have the default judgment annulled at any time, and in any court. However, where an appellant claims that a default judgment was obtained by fraud or ill practices, he must make a direct attack on the judgment by an action in nullity. “A default judgment obtained by fraud or ill practices is not an absolute nullity.” Smith, p. 6, at 966 So.2d at 76. As such, a relative nullity must be properly decreed within time prescribed, and such grounds must be asserted in a direct action and not raised collaterally. Id.
It is critical that we make the important distinction of the rights reserved for a party with proper standing to collaterally attack the judgment, compared to the rights of Ms. Mitchell. This Court has expressly stated,
The “legal right” of which a litigant must be deprived to have a judgment annulled on grounds of ill practices is the opportunity to appear and assert a defense; however, before the reviewing court can annul the judgment, it must examine the case from an equitable viewpoint to determine whether the party seeking annulment has met the burden of showing how he was prevented or excused from asserting his claims or defenses.
CA One/Pampy’s v. Brown, 2007-1377, p. 6 (La.App. 4 Cir. 4/2/08), 982 So.2d 909, 913-914.
Neither Ms. Mitchell nor Mortgage Electronic sought to annul the default judgment in the district court. Nevertheless, Mortgage Electronic would have to had pursued a timely nullity action, which, had it been a In successful attack, would have inured to Ms. Mitchell’s benefit. However, for Ms. Mitchell to attack the judgment, specifically arguing those defenses which might have been asserted by Mortgage Electronic is, by all accounts, far-reaching.
In the case sub judice, Ms. Mitchell attempts to attack the validity of the default judgment, but she, prior to the filing of the instant matter, never availed herself of previous opportunities to attack the action to quiet tax title prior to the district court’s rendering of the default judgment. Particularly: (1) Ms. Mitchell failed to file an answer or any other responsive pleadings, in an effort make an appearance on her own behalf; (2) she failed to timely file any petition to nullify the judgment, after the issuance of the default judgment; and (3) she failed in the case sub judice to provide convincing arguments which would lead this Court to the conclusion that her rights have been prejudiced by the district court’s rendering of the default judgment — are all fatal to her arguments that this Court should reverse the district court’s judgment. Clearly, “[i]n order to nullify a default judgnent one must demonstrate how he was prevented or excused from asserting his defenses.” Jones v. Decuers, 320 So.2d 348, 350 (La.App. 4 Cir.1975).
This matter becomes more convoluted considering that Mortgage Electronic has never filed for a motion for new trial, an action to nullify the default judgment, nor has Mortgage Electronic appeal *320 ed the district court’s judgment of default on its own behalf. Furthermore, Ms. Mitchell cannot assert the arguments on behalf of Mortgage Electronic in the instant appeal. Our jurisprudence has consistently held that a judgment by default against one defendant, not appealed from, is held to be final. See Campti Motor Co. v. Jolley, 10 La.App. 287, 288, 120 So. 684, 685 (2 Cir.1929).
112The Court notes, again, that while Ms. Mitchell vehemently attacks the validity of the default judgment, none of these arguments were raised by Mortgage Electronic. Mortgage Electronic was properly served with the petition and citation of the pending action. Mortgage Electronic, while properly served, never filed an answer, and' — most obvious — is that Mortgage Electronic has not attacked the validity of the default judgment entered by the district court either by filing a petition for nullity or a motion for new trial, nor by appealing the judgment of default.
While a default judgment may be attacked for procedural defects and vices of form, or ill practices,[4] a defendant who fails to properly make an appearance of record, once properly served, has received adequate notice that a legal process has been initiated against him that may affect his rights. If that defendant fails to take any action ie., by filing a responsive pleading, then a plaintiff may proceed with obtaining a preliminary default, and then after the appropriate legal delays, a judgment of default may be properly confirmed against the defendant. In the matter sub judice, we have no remedy to offer Ms. Mitchell because her failure to make any appearances resulted in a properly obtained judgment of default — against her.
Hence, considering that the confirmation and eventual entry of the judgment of default against Ms. Mitchell was procedurally valid, and further considering that Ms. Mitchell has not offered any argument challenging the invalidity of the default entered against her, then this Court must find that the district court did not err insofar as entering the preliminary default against her. Essentially, this Court cannot substitute Ms. Mitchell as the 113proper party to bring an action to nullify a default judgment that was properly entered against her for her failure to take preemptive acts to challenge the entry of default after she was properly served with the citation and petition.
In her second and third assignments of error, Ms. Mitchell argues that the district court erred in confirming a default judgment without an evidentiary hearing in open court pursuant to La. C.C.P. art. 1702(C)[5], and that the district court erred *321 in confirming a default judgment without competent evidence proving a prima facie case, arguing specifically that in the instant case, Mooring filed affidavits of its manager and its attorney into the record in an attempt to confirm the default.
However, considering that we have already concluded that the collateral attack of the default judgment cannot be asserted by Ms. Mitchell, we pretermit discussion of all other issues raised by Ms. Mitchell in this appeal.

DECREE

The judgment of the district court is affirmed.
AFFIRMED.
TOBIAS, J., dissents and assigns reasons.

. Note, La. R.S. 47:2228, §§ 2221 to 2230 were repealed by Acts 2008, No. 819, § 2, eff. Jan. 1, 2009.

. La. R.S. 13:3204, titled, Service of process, provides:
A.In a suit under R.S. 13:3201, a certified copy of the citation or the notice in a divorce under Civil Code Article 102 and of the petition or a certified copy of a contradictory motion, rule to show cause, or other pleading filed by the plaintiff in a summary proceeding under Code of Civil Procedure Article 2592 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.
B. If service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, the court shall order that service of process be made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091.
C. Service of process so made has the same legal force and validity as personal service on the defendant in this state.
D. For purposes of this Section, a “commercial courier” is any foreign or domestic business entity having as its primary purpose the delivery of letters and parcels of any type, and which:
(1) Acquires a signed receipt from the addressee, or the addressee’s agent, of the letter or parcel upon completion of delivery-
(2) Has no direct or indirect interest in the outcome of tire matter to which the letter or parcel concerns.

. Pursuant to La. R.S. 13:3205, entitled, Default judgment; hearings; proof of seivice of process:
No default judgment can be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show cause, or other summary proceeding, except for actions pursuant to R.S. 46:2131 et seq., until thirty days after the filing in the record of the affidavit of the individual who cither:
(1)Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it. was deposited in the United States mail, to which shall be attached the return receipt of the defendant; or
(2) Utilized the services of a commercial courier to make delivery of the process to the defendant, showing the name of the commercial courier, the date, and address at which the process was delivered to the defendant, to which shall be attached the commercial courier’s confirmation of delivery; or
(3) Actually delivered the process to the defendant, showing the date, place, and manner of delivery.

. The Supreme Court, in Power v. Marketing Direct, Inc. v. Foster, 05-2023, p. 6, (La.9/6/06), 938 So.2d 662, 667, noted "that the term ‘ill practices' as used in La.Code Civ. Proc Ann. art. 2004, "is not limited to actual fraud or wrongdoing, but encompasses all situations involving the use of some improper practice or procedure, even innocently, to deprive the party cast in judgment some legal right and where enforcement of the judgment would be unconscionable and inequitable.” Id., p. 16, 938 So.2d at 673.

. La.C.C.P. art. 1702(C) reads: "In those proceedings in which the sum due is on an open account or a promissory note, other negotiable instrument, or other conventional obligation, or a deficiency judgment derived therefrom, including those proceedings in which one or more mortgages, pledges, or other security for said open account, promissory note, negotiable instrument, conventional obligation, or deficiency judgment derived therefrom is sought to be enforced, maintained, or recognized, or in which the amount sought is that authorized by R.S. 9:2782 for a check dishonored for nonsufficient funds, a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of *321 the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court.”