| | |
|---|---|
| BANK OF AMERICA, N.A. | NO. 19-CA-290 |
| VERSUS | FIFTH CIRCUIT |
| MICHAEL ANTHONY ALEXANDER, SR., (A/K/A MICHAEL ANTHONY ALEXANDER, MICHAEL A. ALEXANDER, MICHAEL ALEXANDER, MICHAEL A. ALEXANDER, SR., MICHAEL ALEXANDER, SR.) AND ROXANN FRANKLIN ALEXANDER, (A/K/A ROXANN FRANKLIN, ROXANN F. ALEXANDER, ROXANN ALEXANDER) | COURT OF APPEAL  STATE OF LOUISIANA |


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 785-243, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING


January 29, 2020


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson


**AFFIRMED**

 **JGG**
 **FHW**
 **RAC**

COUNSEL FOR PLAINTIFF/APPELLEE,
BANK OF AMERICA, N.A.
Stephen W. Rider
Mark J. Chaney
Penny M. Daigrepont

COUNSEL FOR DEFENDANT/APPELLANT,
MICHAEL ANTHONY ALEXANDER, SR.
Michael Anthony Alexander, Sr.

**GRAVOIS, J.**

Defendant/appellant, Michael A. Alexander, Sr., who appears in this appeal in proper person, appeals a default judgment rendered against him in this suit on a note and to enforce a mortgage on real estate brought by plaintiff/appellee, Bank of America, N.A., the holder of the note. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 28, 2018, Bank of America filed a Petition for Suit on a Note and Enforcement of Mortgage on Real Estate against Michael Anthony Alexander, Sr., appellant herein, and Roxann Franklin Alexander, co-defendant, concerning property located at 2220 Eastmere Street, Harvey, Louisiana. The petition was accompanied by the attachments detailed below. The record reflects that personal service was made upon Mr. Alexander on July 11, 2018. Because Roxann was unable to be located or served, a curator was appointed to represent her. On September 27, 2018, Bank of America moved for an order of preliminary default against Mr. Alexander, which was entered that same day.

On January 25, 2019, a default judgment was confirmed and entered in favor of Bank of America against Mr. Alexander. Notice of the judgment was mailed to Mr. Alexander on January 28, 2019. On February 25, 2019, Mr. Alexander filed a Motion to Vacate Default Judgment, citing "lack of sufficient evidence" and also arguing "excusable neglect" on his part caused by "deaths in the family" which caused him to delay in responding to the suit. The Motion to Vacate was denied by the trial court without a hearing that same date. On March 7, 2019, Mr. Alexander filed a Notice of Appeal of both the default judgment and the denial of his Motion to Vacate Default Judgment. He also filed a Motion to Designate the record on appeal on that date. Mr. Alexander was granted a devolutive appeal on March 11, 2019.

On appeal, Mr. Alexander asserts five assignments of error:

1) the entry of the default judgment was improper because the certification by plaintiff and the certification by the Clerk of Court were both deficient as a matter of law;

2) the default judgment is void because the record fails to contain evidentiary support for the judgment;

3) the default judgment is void because it is entered against only one defendant, when more than one defendant was sued;

4) the district court abused its discretion by failing to consider Mr. Alexander's motion to set aside default judgment, which resulted in due process violations against him; and

5) the default judgment is a "complete nullity" under Louisiana law.

## STANDARD OF REVIEW

A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that was manifestly erroneous or clearly wrong. *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111 (La. 5/5/09), 9 So.3d 815, 818. The determination on appeal of whether evidence is sufficient to support a default judgment is a factual one governed by the manifest error standard of review. *Id.*

## FIRST ASSIGNMENT OF ERROR

### *Deficient certifications*

In his first assignment of error, Mr. Alexander argues that the entry of the default judgment against him was improper because the required certifications were deficient as a matter of law.

La. C.C.P. art. 1702.1 requires that two certifications accompany the written motion for confirmation of default: first, *a certification by the attorney* that the suit is on an open account, promissory note, or other negotiable instrument, on a conventional obligation, or on a check dishonored for nonsufficient funds, and that the necessary invoices and affidavit, note and affidavit, or check or certified reproduction thereof are attached, as well as a certification by the attorney indicating the type of service made on the defendant, the date thereof, and the date the preliminary default was entered; and second, *a certification by the clerk* that

the clerk examined the record on a particular date and that no answer or other pleading has been filed within the time prescribed by law or the court.

Examination of the appellate record in the present case shows that both certifications in the present case are attached to Bank of America's motion for confirmation of final judgment and both comply with La. C.C.P. art. 1702.1. Contrary to Mr. Alexander's assertions, it is *the attorney's certification*, not the clerk's, that Article 1702.1 requires a description of the manner and date of service of the suit upon the defendant. Article 1702.1 requires *the clerk's certification* to state only that the clerk examined the record for the filing of an answer or other pleading, the time at which that examination was performed, and that no answer or other pleading was filed as of that time. In this case, the attorney's certification duly describes the service on defendant and contains all the other information required by Article 1702.1, including that a copy of the promissory note was attached to the original petition, which it was. The clerk's certification is likewise in accordance with Article 1702.1. This assignment of error is without merit.

## SECOND ASSIGNMENT OF ERROR

### *Insufficient evidence to support default judgment*

In this assignment of error, Mr. Alexander argues that there is no evidentiary support in the record for the default judgment. Specifically, he argues that appellee, Bank of America, failed to present any evidence tending to show that Bank of America had "standing" to bring this suit against appellant and Roxann Alexander. He argues that most of the "uncertified" evidence attached to the petition did not pertain to Bank of America. He contends that the evidence did not support the finding that Bank of America owned the "lost" note. Finally, he argues that the "insufficient" affidavits presented by Bank of America's attorney are "improper" because an attorney of record is prohibited from testifying in a case.

A preliminary default must be confirmed by proof of the demand that is sufficient to establish a *prima facie* case of the plaintiff's claim. La. C.C.P. art. 1702(A). When a demand is based upon a conventional obligation, affidavits and exhibits annexed to the petition "which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand." La. C.C.P. art. 1702(B)(1); *Charia v. Mungoven*, 550 So.2d 939, 941 (La. App. 5th Cir. 1989). When a demand is based upon a conventional obligation, proof by affidavit can be sufficient for confirming a default judgment. *ASI Federal Credit Union v. Leotran Armored Security, LLC*, 18-341 (La. App. 5 Cir. 11/7/18), 259 So.3d 1141, 1148. When the claim is for amounts owed under a promissory note, "an affidavit of the correctness thereof shall be prima facie proof." La. C.C.P. art. 1702(B)(3).

Bank of America attached the following exhibits to its petition:

1) a copy of the original promissory note in the sum of $92,791.00, dated January 19, 1999, marked "Ne Varietur" for identification with a Mortgage dated January 19, 1999, signed by the Alexanders and payable to the order of Deep South Mortgage Company, Inc. (the "Note"), marked as petitioner's Exhibit "A";

2) a certified true copy of the Act of Mortgage, as recorded in the mortgage records of Jefferson Parish, whereby the Alexanders granted a mortgage on the Mortgaged Property as security for performance of their Note obligations, marked as petitioner's Exhibit "B";

3) a copy of an Act of Correction dated January 14, 2000, marked as petitioner's Exhibit "C";

4) a copy of an Act of Correction dated April 6, 2000, marked as petitioner's Exhibit "D";

5) the original Amended and Restated Note, marked as petitioner's Exhibit "E";

6) a copy of a Loan Modification Agreement dated May 7, 2009, marked as petitioner's Exhibit "F";

7) a copy of a Loan Modification Agreement dated January 15, 2015, recorded February 25, 2015, marked as petitioner's Exhibit "G";

8) a copy of an Act of Endorsement of Note and Assignment of Note and Mortgage dated January 19, 1999, as recorded in the mortgage records of Jefferson Parish, whereby Deep South Mortgage Company, Inc.

conveyed all of its right, title, and interest in and to the Note and the Mortgage to Union Planters Bank, National Association, marked as petitioner's Exhibit "H'';

9) a copy of a Notarial Endorsement and Assignment of Mortgage Note dated September 11, 2007, as recorded in the mortgage records of Jefferson Parish, whereby Union Planters Bank, N.A. assigned and transferred all of its interest in the Note to Bank of New York as Trustee for the Certificate Holders of Asset-Backed Certificates, Series 2003-3, marked as petitioner's Exhibit "I";

10) a copy of a Corporation Assignment of Mortgage from Bank of New York as Trustee for the Certificate Holders of Asset-Backed Certificates, Series 2003-3 to Bank of America, N.A., marked as petitioner's Exhibit "J";

11) a copy of a survey map of the subject property, marked as petitioner's Exhibit "K";

12) petitioner's affidavit of military status of defendants, marked as petitioner's Exhibit "L"; and

13) petitioner's affidavit of compliance with all required notices of demand, marked as petitioner's Exhibit "M".

Upon review, we find that the evidence presented by Bank of America attached to its petition and to its motion for confirmation of final judgment is sufficient to prove both Bank of America's "standing" to bring this action, *i.e.*, that it was the last holder of the note for value, and to prove its case. As per La. C.C.P. art. 1702(B)(1), the documents are admissible, self-authenticating, and sufficient proof of the demand. Specifically, the attachments to the petition show that the Alexanders signed the promissory note, secured by the mortgage on the aforementioned immovable property, made payable to Deep South Mortgage Company, Inc. Deep South assigned its interest in the note and mortgage to Union Planters Bank, N.A., who later assigned its interest in the note and mortgage to Bank of New York as Trustee, who later assigned its interest in the note and mortgage to Bank of America. An affidavit attached to Bank of America's motion for confirmation of final judgment was signed by Nelson Eubanks, in his capacity as an authorized representative of Bank of America's servicer Pennymac Loan Services, L.L.C., with personal knowledge of the loan represented by the note and

mortgage, explaining that Bank of America was the last holder for value of the note, that the note was in default as alleged in the petition, and that the original note had been misplaced and/or lost by Bank of America and could not be produced as evidence. Attached to the affidavit was a Certificate of Publication, advertising the loss of the original note, that was published in *The Times Picayune* on October 3, 2018, in compliance with La. R.S. 13:3741.[1] This affidavit is not legally deficient as Mr. Alexander claims. Likewise, that the attorney for Bank of America submitted an Authentic Act of Notice and Acceleration is not a ground to reverse the default judgment.

Considering the foregoing, this assignment of error is without merit.

## THIRD ASSIGNMENT OF ERROR

### *Judgment "different in kind"*

Mr. Alexander argues in this assignment of error that the judgment against him is void because it does not also include judgment against co-defendant Roxann Alexander, whom Bank of America also sued on the same note and mortgage. He argues that the default judgment is therefore "different in kind" from the relief demanded in the petition, as per La. C.C.P. art. 1703, which prayed for judgment against both defendants.

A final default judgment shall not be different in kind from that demanded in the petition. La. C.C.P. art. 1703. The amount of damages awarded shall be the amount proven to be properly due as a remedy. *Id.*

There is no legal prohibition that in a suit against multiple defendants, a default judgment may not be rendered against only one of those defendants or less than all of the defendants. The default judgment does not grant relief "different in

---

[1] La. R.S. 13:3741 provides, in pertinent part:

> In every case where a lost instrument is made the foundation of a suit or defense, it must appear that the loss has been advertised within a reasonable time in a public newspaper and proper means taken to recover the possession of the instrument; … .

kind" within the meaning of La. C.C.P. art. 1703 because the judgment is against fewer than all of the defendants sued in the original petition. The petition prayed for judgment against Mr. Alexander for the amounts owed under the note, and for recognition of Bank of America's security interest in the mortgaged property. Upon review, we find that the judgment grants the same relief as prayed for against Mr. Alexander in Bank of America's petition. *See Green Tree Servicing, LLC v. Edwards*, 17-214 (La. App. 5 Cir. 11/15/17), 232 So.3d 688, 696. This assignment of error is without merit.

## FOURTH AND FIFTH ASSIGNMENTS OF ERROR

### *Denial of Motion to Vacate Default Judgment*

In these assignments of error, Mr. Alexander argues that the trial court erred by denying his Motion to Vacate Default Judgment on the same day that it was filed, without conducting a hearing on the motion. He also argues that denial of his Motion to Vacate without a hearing violated his right to be heard in court. He also argues that the motion was based, in part, on some of the same issues he raises on appeal, as well as the defense of "excusable neglect." He argues that the default judgment is thus null, void, and invalid.

A final default judgment is that which is rendered against a defendant who fails to plead within the time prescribed by law. La. C.C.P. art. 1843. While a default judgment may be attacked for procedural defects and vices of form, or ill practices, a defendant who fails to properly make an appearance of record, once properly served with the citation and petition, has received adequate notice that a legal process has been initiated against him that may affect his legal rights. *Green Tree Servicing, LLC v. Edwards*, *supra*, 232 So.3d at 696 (citing *Mooring Fin. Corp. 401(K) Profit Sharing Plan v. Mitchell*, 08-1250 (La. App. 4 Cir. 6/10/09), 15 So.3d 311, 320). If that defendant fails to take any action, *i.e.*, by filing a responsive pleading, then a plaintiff may proceed with obtaining a preliminary

default, and then after the appropriate legal delays, a judgment of default may be properly confirmed against the defendant. *Id.*

The requirements of due process vary according to the circumstances, as it is, by nature, an imprecise ideal. *Williams v. Bd. of Supervisors, Louisiana Cmty. & Tech. Coll. Sys.*, 18-554 (La. App. 3 Cir. 5/15/19), 272 So.3d 84, 89. The essential requirements of due process are notice and an opportunity to respond. *Id.*

Upon review, we find that the record clearly demonstrates that Mr. Alexander's rights to procedural due process were not violated, as he was personally served with the suit, and failed to act, timely or otherwise, to preserve his legal rights. He has failed to show that he did not have the opportunity to respond to Bank of America's suit, between the time he was personally served on July 11, 2018, through January 25, 2019, when Bank of America confirmed the default judgment.

We further find that procedurally, the trial court did not err in denying the Motion to Vacate without a hearing. In order to nullify a default judgment, one must demonstrate how he was prevented or excused from asserting his defenses. *Mooring Fin. Corp. 401(K) Profit Sharing Plan v. Mitchell*, *supra*, 15 So.3d at 319 (citing *Jones v. Decuers*, 320 So.2d 348, 350 (La. App. 4th Cir. 1975)). The proper procedure to remedy a failure of proof is through a motion for a new trial and/or an appeal, and not through an action for nullity. *Adcock v. Ewing*, 45,949 (La. App. 2 Cir. 1/26/11), 57 So.3d 434, 438 (citing *Russland Enterprises, Inc. v. City of Gretna*, 98-676 (La. App. 5 Cir. 1/26/99), 727 So.2d 1223, *writ denied,* 99-0980 (La. 5/28/99), 743 So.2d 669). The failure to establish the *prima facie* case required by La. C.C.P. art. 1702 is not a vice of form. A failure of proof must be raised in a motion for a new trial or by appeal, not by an action for nullity. *Id.* at 438 (citing *National Income Realty Trust v. Paddie*, 98-2063 (La. 7/2/99), 737 So.2d 1270, 1271).

Nullity actions are governed by La. C.C.P. arts. 2001-2006. La. C.C.P. art. 2002[2] provides that a judgment may be annulled for vices of form and such an action may be asserted collaterally and may be brought at any time. However, Mr. Alexander's Motion to Vacate failed to assert any grounds for nullity for vices of form under this Article. The nullity action provided by La. C.C.P. art. 2004[3] is not a substitute for an appeal from a judgment that might be erroneous due to insufficiency of evidence or misinterpretation of substantive law, but is a separate remedy designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary. *See State, Through Dep't of Health & Human Res., Office of Family Sec., In Interest of Brown v. Beauchamp*, 84-665 (La. App. 1 Cir. 6/25/85), 473 So.2d 323, 325-26, *writ denied*, 477 So.2d 1125 (La. 1985). It may not be brought collaterally, but must be brought in a separate action, which Mr. Alexander has not done.

The grounds asserted in the Motion to Vacate the judgment as null, which were "excusable neglect," as well as deficient certifications, lack of sufficient evidence, and the failure to serve Roxann Alexander, are not grounds for nullity of the judgment rendered against Mr. Alexander under La. C.C.P. arts. 2001-2006. Mr. Alexander did not assert in the Motion to Vacate other grounds, which, if proven, would have supported any action for nullity brought under La. C.C.P. arts.

---

[2] La. C.C.P. art. 2002 provides:

   A. A final judgment shall be annulled if it is rendered:

     (1) Against an incompetent person not represented as required by law.

     (2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid final default judgment has not been taken.

     (3) By a court which does not have jurisdiction over the subject matter of the suit.

   B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.

[3] La. C.C.P. art. 2004 provides:

   A. A final judgment obtained by fraud or ill practices may be annulled.

   B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

   C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

2002 or 2004, or which supported the granting of the relief requested by Mr. Alexander therein on the grounds of "excusable neglect." Accordingly, the trial court did not err in denying the Motion to Vacate the default judgment without a hearing, and such action did not violate Mr. Alexander's due process rights.

While we may sympathize with Mr. Alexander's personal family losses, "excusable neglect" is not a legal grounds to vacate a default judgment. Further, the record shows that Mr. Alexander had considerably more time than the Code of Civil Procedure allows within which he could have filed responsive pleadings to Bank of America's suit. La. C.C.P. art. 1001 states that a defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law. La. C.C.P. art. 1002 states that notwithstanding the provisions of La. C.C.P. art. 1001, a defendant may file his answer or other pleading at any time prior to the signing of a final default judgment against him. Bank of America did not move to enter the preliminary default until September 27, 2018, which was approximately two and a half months after Mr. Alexander was personally served with the suit on July 11, 2018, and then did not move to confirm the default until almost four months later, on January 25, 2019. Mr. Alexander could have filed an answer or other responsive pleadings to the suit at any time up until that point in time in order to avoid the default judgment. Unfortunately he did not do so and therefore is not entitled to relief on these arguments. These assignments of error are without merit.

## CONCLUSION

For the foregoing reasons, the default judgment rendered on January 25, 2019 against Mr. Alexander is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 29, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-CA-290**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
STEPHEN W. RIDER (APPELLEE)               MARK J. CHANEY (APPELLEE)

### MAILED
MICHAEL ANTHONY ALEXANDER, SR.
(APPELLANT)
IN PROPER PERSON
2220 EASTMERE STREET
HARVEY, LA 70058

PENNY M. DAIGREPONT (APPELLEE)
L. CLAIRE MAYER (APPELLEE)
SKYE EISWIRTH PRINCE (APPELLEE)
REMY F. SYMONS (APPELLEE)
SEAN E. WILLIAMS (APPELLEE)
ATTORNEYS AT LAW
3510 NORTH CAUSEWAY BOULEVARD
SUITE 600
METAIRIE, LA 70002

RYAN N. COX (APPELLEE)
ATTORNEY AT LAW
504 HUEY P LONG AVENUE
GRETNA, LA 70053