| AEGEAN PROPERTY GROUP, LLC | * | NO. 2024-CA-0466 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| CHARLES ANTHONY SUMLER, WMC MORTGAGE CO., AND CAPITAL ONE, N.A. | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-02354, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Monique G. Morial**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Monique G. Morial)

Shermin S. Khan
THE KHAN LAW FIRM
2714 Canal St.
Ste. 300
New Orleans, LA 70119

COUNSEL FOR DEFENDANT/APPELLANT

Scott Joseph Sonnier
ATTORNEY AT LAW
601 Poydras Street
Suite 1620
New Orleans, LA 70130

COUNSEL FOR PLAINTIFF/APPELLEE

**MOTION TO DISMISS GRANTED IN PART, DENIED IN PART; MAY 10, 2024 DEFAULT JUDGMENT AFFIRMED**
**FEBRUARY 3, 2025**

Appellant, Kendal Sumler, appeals the default judgment rendered in favor of Appellee, Aegean Property Group, L.L.C., and against defendants Capital One, N.A. and WMC Mortgage Company that confirmed a tax sale and transferred a 99% ownership interest in property to Aegean. Appellant further seeks review of a subsequent summary judgment granted in favor of Aegean confirming and quieting title to the same property at issue. Appellee Aegean has filed a motion to dismiss the appeal. For the reasons discussed below, we grant the motion to dismiss as to the summary judgment, finding this Court lacks jurisdiction to consider that judgment. We consider only the assignments of error on appeal related to the default judgment rendered against defendants Capital One and WMC. Upon review of the record on appeal, we affirm the default judgment.

*MGM*

*PAB*

*TGC*

FACTUAL AND PROCEDURAL HISTORY

On March 18, 2022, Aegean filed a "Petition to Quiet Title and for Partition" against defendants Charles Anthony Sumler, WMC, and Capital One, seeking to confirm a tax sale that transferred to Aegean a 99% ownership interest to the property title at 3046-48 Upperline Street in New Orleans. Aegean attached to its petition a May 9, 2018 tax sale certificate stating that "all the formalities of the law hav[e] been complied with[,]" and transferring a "tax sale title to 99% of the whole of the property…" to Aegean.

The record reflects that Capital One and WMC were properly served with the petition but filed no responsive pleadings. The record further reflects that defendant Mr. Charles Sumler—the record owner of the Upperline property at the time of the tax sale—filed no responsive pleadings to the petition. However, Mr. Kendal Sumler, the son and the independent administrator of Mr. Charles Sumler's estate, intervened in the lawsuit to demonstrate that Mr. Charles Sumler had in fact been deceased at the time of the tax sale and the filing of the petition to quiet tax sale.

On February 8, 2024, Aegean filed a "Motion for Summary Judgment and Default," seeking to have a judgment issued in its favor confirming the tax sale and quieting an undivided 99% title interest in the Upperline property. Aegean sought summary judgment against Mr. Sumler and a default judgment against Capital One and WMC Mortgage. Mr. Sumler filed an opposition to the motion for summary judgment, contending that summary judgment is not proper in this case because he

3

never received notice of the petition as required under La. R.S. 47:2266.[1] Neither Capital One nor WMC filed any responsive pleadings.

On May 10, 2024, the trial court conducted a hearing on the motion for summary judgment and default. At the conclusion of the hearing, the trial judge granted the default judgment and issued a written judgment on the same date. The trial judge however took the motion for summary judgment under advisement. On July 2, 2024, the trial judge issued a judgment granting summary judgment in favor of Aegean and against Mr. Sumler, confirming and quieting Aegean's title as the

_____

[1] La. R.S. 47:2266 provides:

A. (1) After expiration of the redemptive period, an acquiring person may institute an ordinary proceeding against the tax sale parties whose interests the petitioner seeks to be terminated. The petition shall contain a description of the property, the time and place of the sale, and the name of the officer who made the sale, the page and record book and date of filing of the tax sale certificate, and for adjudicated properties sold or donated by a political subdivision, reference to the page of record book and date of filing of the sale or donation, notice that the petitioner is the holder of tax sale title to the property by virtue of tax sale or is the owner of the property by virtue of a sale or donation of adjudicated property, and notice that the title and full ownership in the property will be confirmed unless a proceeding to annul is instituted within six months after the date of service of the petition and citation. This suit shall be brought in the parish in which the property is located unless it lies in two or more parishes, in which case this suit may be instituted in either of the parishes.

(2) The petition and citation shall be served as in ordinary suits; however, if a tax sale party is a nonresident of the state, is unknown, or his residence is unknown, the court shall appoint a curator ad hoc to represent him and receive service. The curator shall receive a reasonable fee for his services to be fixed by the court in each suit, which shall be taxed as costs of suit. If no proceeding to annul the sale has been instituted after the lapse of six months after the date of service of petition and citation, judgment shall be rendered quieting and confirming the title and the full ownership interest therein.

B. In all cases when tax titles have been quieted by prescription of five years under the provisions of Article VII, Section 25 of the Louisiana Constitution, the purchaser, donee, or his heirs or assigns may, either obtain a judgment of the court confirming the title by suit in the manner and form in Subsection A of this Section, except that the delay for answer shall be ten days instead of six months, provided that the failure to bring suit shall in no manner affect such prescriptive titles.

C. The petitioner may file a notice of lis pendens with the recorder of mortgages of the parish in which the property is located. A transfer, mortgage, lien, privilege, or other encumbrance filed after the filing of the notice of lis pendens shall not affect the property. The recorder of mortgages or the recorder of conveyances shall cancel, erase, terminate, or release the acts upon request of the petitioner.

owner of a 99% interest in the Upperline property and ordering a partition of the property.[2]

LAW AND ANALYSIS

On appeal, Mr. Sumler challenges (1) the May 10, 2024 default judgment rendered against Capital One and WMC Mortgage and (2) the July 2, 2024 summary judgment granted in favor of Aegean. Aegean filed in this Court a motion to dismiss Mr. Sumler's appeal. We will first address the motion to dismiss and then turn to the assignments of error properly on appeal.

Motion to Dismiss

Aegean filed a motion to dismiss this appeal. First, as to the July 2, 2024 summary judgment, Aegean contends that Appellant failed to file a motion for appeal as to that judgment and, thus, this Court lacks jurisdiction to consider any assignment of error related to that judgment. Second, as to the May 10, 2024 default judgment, Aegean contends that Mr. Sumler lacks standing to appeal the default judgment, as he is not a party to that judgment rendered only against Capital One and WMC.

First, as to the July 2, 2024 summary judgment, we find that this Court lacks jurisdiction to consider that judgment on appeal. Although Mr. Sumler filed a motion for appeal as to the May 10, 2024 default judgment, which the trial court granted, there is no signed motion or order of appeal related to the July 2, 2024

---

[2] The judgment further states that the court denied Aegean's motion for summary judgment as to reimbursement and attorney fees. That portion of the judgment is not at issue in this appeal.

summary judgment. This Court's jurisdiction attaches upon the signing of an Order of appeal. See La C.C.P. art. 2088; see also *Matthews v. Phillips 66 Co.*, 24-0227 (La. App. 4 Cir. 11/13/24), p. 7, ---- So.3d----, , 2024 WL 4763306 at *3 (quoting *Garco, Inc. v. Rob's Cleaning & Powerwash, Inc.*, 08-1249, pp. 3-4, (La. App. 4 Cir. 4/22/09), 12 So.3d 386, 388). Accordingly, this Court lacks jurisdiction to consider the merits of any assignments of error related to the July 2, 2024 summary judgment.[3] Therefore, we grant Aegean's motion to dismiss in part as it relates to the July 2, 2024 judgment.

However, as to the May 10, 2024 default judgment, we deny the motion to dismiss and find that Mr. Sumler has standing to appeal that judgment. La. C.C.P. art. 2086 provides that "[a] person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." Further, any party or person who could have intervened in the trial court and who is aggrieved by a trial court judgment has the right to appeal that judgment unless he has acquiesced therein, or is otherwise deprived of that remedy by law. *Elysian, Inc. v. Neal Auction Co., Inc.*, 20-0674, 0675, p. 11 (La. App. 4 Cir. 7/21/21), 325 So.3d 1075, 1084 (citing La. C.C.P. arts. 2085 and 2086). A party appealing under La. C.C.P. art. 2086 must have an interest in the outcome of the litigation but need not have the judgment rendered directly against him in order to appeal that judgment. *Id*; *see*

---

[3] A review of the record reflects that Mr. Sumler's counsel, Shermin Khan, filed a "Motion to Substitute Counsel," which was granted by the trial court on June 27, 2024——prior to the July 2, 2024 judgment. However, the record reflects that the notice of judgment related to the summary judgment was never issued to Mr. Khan, counsel of record, but rather was issued to Mr. Sumler's former counsel, Ms. Connie Trieu. We do not opine in this opinion on the effect of this error on the appeal delays related to the July 2, 2024 judgment.

*also Metairie III v. Poche Const., Inc.*, 10-0353, p. 9 (La. App. 4 Cir. 9/29/10), 49 So.3d 446, 452. We find that Mr. Kendal Sumler—who the trial court permitted to intervene in the trial court proceedings and has been appointed as the independent administrator of his father's estate—has a justiciable interest in this action to quiet title to the property owned by his father, Charles Sumler, prior to the underlying tax sale at issue.[4] We therefore deny Aegean's motion to dismiss the appeal as it relates to the May 10, 2024 default judgment. Having found that Mr. Sumler has standing to appeal, we now turn to consider his appeal of the default judgment. For the following reasons, we affirm the trial court's ruling granting the default judgment.

Default Judgment

Mr. Sumler has appealed the July 2, 2024 default judgment rendered against Capital One and WMC Mortgage. The procedural requirements for a plaintiff to obtain a default judgment are contained in La. C.C.P. art. 1702.[5] If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default

---

[4] Aegean relies on *Mooring Fin. Corp. 401(K)Profit Sharing Plan v. Mitchell*, 08-1250, p. 8 (La. App. 4 Cir. 6/10/09), 15 So.3d 311, 318, to support its argument that Mr. Sumler lacks standing to appeal in this case. *Mooring*, in a 2-1 decision, held that a party who "at no time…filed any responsive pleadings" prior to the confirmation of a default judgment did not have standing to later seek to annul that judgment on appeal pursuant to La. C.C.P. art. 2003 ("A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any grounds enumerated in La. C.C.P. art. 2002."). *Id*. This case is clearly distinguishable as Mr. Sumler intervened and filed responsive pleadings, including an exception of insufficiency of service of process as to the petition to quiet title, in the trial court challenging Aegean's action to quiet title prior to the May 10, 2024 default judgment rendered.

[5] La. C.C.P. art. 1702 was amended by Acts 2023, No. 5, § 1; No. 7, § 1, effective August 1, 2023. A preliminary default is no longer required.

judgment in favor of the plaintiff may be rendered. La. C.C.P. art. 1702(A). "In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment." *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, p. 5 (La. 5/5/09), 9 So.3d 815, 818. "This determination is a factual one governed by the manifest error standard of review." Id. We, therefore, review the default judgment "to determine whether the trial court's 'finding of fact . . . is clearly wrong in light of the record reviewed in its entirety.'" *Sarasota, CCM, Inc. v. Supreme Quality Transp., LLC*, 23-0658 (La. App. 4 Cir. 3/6/24), 385 So.3d 307, 311 (quoting *Payphone Connection Plus, Inc. v. Wagners Chef, LLC*, 19-0181 (La. App. 4 Cir. 7/31/19), 276 So.3d 589, 594) (other citations omitted).

In this case, Aegean filed its "Petition to Quiet Tax Title and for Partition" against Capital One and WMC Mortgage on March 18, 2022. Aegean attached to its petition a copy of the May 9, 2018 tax sale certificate stating that "all the formalities of the law hav[e] been complied with[,]" and transferring a "tax sale title to 99% of the whole of the property" to Aegean. The record reflects that Capital One and WMC Mortgage both received service of the petition on April 6, 2022. Neither party filed an Answer or any other responsive pleadings.

On February 8, 2024, Aegean moved for a default judgment against Capital One and WMC. The matter proceeded to a hearing on May 10, 2024. At the hearing, Aegean's counsel offered and introduced into evidence a certified copy of the May 9, 2018 tax sale certificate. La. R.S. 47:2155 provides that "[a] certified

8

copy of the tax sale certificate is prima facie evidence of the regularity of all matters regarding the tax sale and the validity of the tax sale."

This Court recently stated that "if the tax sale purchaser presents a certified copy of the tax sale certificate, then the burden shifts . . . to 'prov[e] any defects in the tax adjudication proceedings.'" *Lepree v. Dorsey*, 22-0853, (La. App. 4 Cir. 8/11/23), 370 So.3d 1191, 1201 (quoting *NAR Sols., Inc. v. Kuhn*, 22-00425 (La. 12/9/22), 354 So.3d 1176, 1178). Neither Capital One nor WMC Mortgage appeared at the hearing or submitted any evidence to challenge the validity of the 2018 tax sale certificate. Accordingly, we find no manifest error in the trial court's granting of a default judgment against Capital One and WMC Mortgage in this case.

Decree

The July 2, 2024 default judgment is affirmed.

**MOTION TO DISMISS APPEAL GRANTED IN PART, DENIED IN PART; MAY 10, 2024 JUDGMENT AFFIRMED**